**Laura MATA a/k/a Laura Martinez, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–97–074 CR.**

Court of Appeals of Texas, Beaumont.

Submitted Dec. 17, 1998.

Decided April 5, 1999.

Rehearing Overruled April 22, 1999.

Donald M. Brown, Conroe, for appellant.

Michael McDougal, District Attorney, Gail Kikawa McConnell, Assistant District Attorney, Conroe, for state.

Before WALKER, C.J., BURGESS, and STOVER, JJ.

## OPINION

DON BURGESS, Justice.

To address the recent decision of the Court of Criminal Appeals in *Howland v. State,* 1999 WL 173260 (Tex.Crim.App. March 31, 1999)(not yet reported), we withdraw our opinion of March 3, 1999, and substitute the following in its place.

A jury convicted Laura Mata, a/k/a Laura Martinez (Mata) of injury to a child and assessed punishment at forty-nine years' confinement in the Texas Department of Criminal Justice—Institutional Division. From that conviction, Mata appeals raising nine issues.

In her first issue, Mata questions the authority of Judge Carl Walker, Jr. to preside over this case. Judge Walker was originally assigned to preside over Cause No. 92–09–0844–CR. Judge Walker dismissed that cause and Mata was re-indicted the next day in Cause No. 97–01–00078–CR, with Judge Walker presiding. Mata argues the trial court did not have jurisdiction over this case because the dismissal of Cause No. 92–09–0844–CR ended Walker's assignment, thus he lacked authority to preside over Cause No. 97–01–00078–CR.

■ The Court of Criminal Appeals has dealt with this issue in *Davis v. State,* 956 S.W.2d 555 (Tex.Crim.App.1997). In *Davis,* the court delineated the distinction between the jurisdiction of the court and the authority of a judge to conduct that court. *Id.* While the jurisdiction of the court is an issue that may be raised for the first time on appeal, the authority of a judge to conduct that court is not. *See id.* The actions of a judge without authority are void if the judge is either *disqualified,* or *is not qualified. Id.* at 559. Otherwise, the actions are merely voidable and must have been objected to in order to be preserved for appeal. *See id.*

■ In the present case, Mata does not contend the trial court did not have jurisdiction because Judge Walker was disqualified or lacked any qualification. She only contends Judge Walker lacked authority to preside because he was not assigned to that cause. This contention was not presented to the trial court.

This is a procedural issue that must be raised by objection in order to be preserved for appellate review. *See id.* at 559. *See also Thull v. State,* 963 S.W.2d 879, 880–81 (Tex.App.—Texarkana 1998, no pet.). In the absence of a timely complaint, any error has been waived. Tex. R. App. P. 33.1. Issue number one is overruled.

■ In issue number two, Mata argues that since an amendment may not be made after trial commences under Tex. Code Crim. Proc. Ann. art. 28.10(b) (Vernon 1989), "[n]either may a new indictment be returned after an announcement of ready while awaiting seating of an array under the same reasoning." However, trial had not commenced. "[T]rial on the merits commences at the time that the jury is impaneled and sworn." *Hinojosa v. State,* 875 S.W.2d 339, 342 (Tex.App.—Corpus Christi 1994, no pet.); *Westfall v. State,* 970 S.W.2d 590, 592 (Tex.App.—Waco 1998, pet. ref'd); *Dixon v. State,* 932 S.W.2d 567, 570 (Tex.App.—Tyler 1995, no pet.). Thus, the reasoning of art. 28.10(b) does not come into play.

■ Though Mata claims the re-indictment violated her right to due process, (with no explanation or citation of authority) the trial court reset the case for three

weeks later after Mata made her only objection to the new indictment—that she would have only three days to prepare her case. As it appears the trial court did protect Mata's right to due process, we overrule her second issue.

■ Mata contends in issue three that the re-indictment was time-barred as it was returned almost two (2) years after the statute of limitations ran. TEX. CODE CRIM. PROC. ANN. art. 12.01(6) (Vernon Supp.1999). However, the statute of limitations was tolled by TEX. CODE CRIM. PROC. ANN. art. 12.05(b) (Vernon 1977) providing "[t]he time during the pendency of an indictment, information or complaint shall not be computed in the period of limitation." *See Ex parte Matthews,* 933 S.W.2d 134, 136–37 (Tex.Crim.App.1996), *overruled on other grounds* by *Proctor v. State,* 967 S.W.2d 840 (Tex.Crim.App. 1998)("Quite obviously the intent and purpose of statutes of limitation is to require that an accused be prosecuted on a charging instrument filed within the period prescribed for the offense alleged, *subject of course to germane tolling provisions.*")(emphasis added).

Taking into account the time for which the statute was tolled, the record reflects the re-indictment was accomplished within the three-year period of limitations. Mata's third issue is overruled.

In her fourth issue, Mata claims the prior reversal of this case by this court brings it under the protection of TEX. PEN. CODE ANN. § 3.02(c) (Vernon 1994). Section 3.02(c) is not applicable as this is the *same* offense as in the former prosecution. *See Lyles v. State,* 582 S.W.2d 138 (Tex. Crim.App.1979). Issue four is overruled.

Mata argues in her fifth issue that her motion to quash should have been granted. In her argument, Mata also contends it was prosecutorial misconduct for the State to re-indict in violation of her right to due process. Mata provides no references to the record or citations of authority in support of these assertions and fails to offer any explanation as to why it was error for the trial court to deny the motion to quash or how re-indictment, standing alone, constitutes prosecutorial misconduct to such a degree that the constitutional right to due process is violated. Mata also fails to assert, much less establish, how the actions of the trial court and/or the State resulted in harm.

■ We are aware of no authority which holds that re-indictment, in and of itself, constitutes prosecutorial misconduct so that due process rights are implicated. We have reviewed Mata's motion to quash and on its face it does not appear the trial court committed reversible error in denying the motion. Issue five is overruled.

■ In her sixth issue, Mata claims it was error for the trial court to quash a subpoena for the prosecutor to be called as a fact witness for the defense. The record reflects the trial court qualified its ruling granting the motion to quash, stating, "[a]t this time should a necessity develop during the trial where the court feels different, the Court will consider the matter at that time." The trial court further said it would grant defense counsel the opportunity to make a bill of exception. The record does not reflect the trial court was ever asked to reconsider its ruling or that defense counsel requested, but was denied, the opportunity to make a bill of exception. Any error has thus been waived. *See* TEX. R. APP. P. 33.1, 33.2. Mata's sixth issue is overruled.

In her seventh issue, Mata complains it was reversible error for the State to fail to show diligence by the grand jury to identify the "unknown object." This issue became moot when the State re-indicted Mata and as discussed above, the re-indictment is not reversible error. Issue seven is overruled.

■ Issue eight asks whether it is reversible error for the trial judge to deny Mata's written motion to sequester witnesses pursuant to TEX. CODE CRIM. PROC. ANN. art. 36.05 (Vernon 1981). On its face,

article 36.05 does not provide for the sequestration of witnesses; thus it could not be reversible error for the trial court to refuse to sequester witnesses on that basis. We are aware of no authority requiring a trial court to sequester witnesses. Mata's eighth issue is overruled.

In her final issue, Mata contends extraneous offenses were not admissible during the punishment phase under TEX. CODE CRIM. PROC. ANN. art. 38.37 (Vernon Pamph.1999). Article 38.37 applies "to any criminal proceeding that commences on or after the effective date of this Act, regardless of whether the offense that is the subject of the proceeding was committed before, on, or after the effective date of the Act." Act 1995, 74th Leg., R.S., ch. 318, § 48(b), 1995 Tex. Gen. Laws 2748, 2749. Mata argues article 38.37 is not applicable to this case because her indictment issued before September 1, 1995, the effective date of the article.

The Court of Criminal Appeals has recently settled the split of authority on this issue in *Howland v. State*, 990 S.W.2d 274 (Tex.Crim.App.1999)(not yet reported). The court of appeals in *Howland v. State*, 966 S.W.2d 98, 102 (Tex.App.—Houston [1st Dist.] 1998, pet. granted), found article 38.37 applies to more than one proceeding, or step, in a prosecution and thus does not refer to the entire process, starting with indictment. The court of appeals held article 38.37 applied to appellant's trial (appellant was indicted before September 1, 1995, while trial began after that date). *Id.* at 103. The Court of Criminal Appeals agreed with the lower court and held "article 38.37 is applicable to any one of many isolated proceedings within a prosecution, so long as the proceeding at issue occurred after September 1, 1995." *Howland,* at 277. Accordingly, issue nine is overruled. The judgment of the trial court is

AFFIRMED.