In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-01-00078-CV


______________________________




RICHARD ALLEN KLEVEN, II, Appellant



V.



TEXAS DEPARTMENT OF CRIMINAL JUSTICE - I. D., ET AL., Appellees




 


On Appeal from the 5th Judicial District Court


Bowie County, Texas


Trial Court No. 98C1607-005




 




Before Cornelius, C.J., Grant and Ross, JJ.


Opinion by Chief Justice Cornelius



O P I N I O N



 Richard Allen Kleven, II appeals from an adverse summary judgment granted in his suit
against the Texas Department of Criminal Justice - Institutional Division (TDCJ). Kleven, an
inmate acting pro se, sued the TDCJ and two of its employees, Matthew Cheatham and Gary
Stevens, in their individual and official capacities. In his initial petition, Kleven contended the TDCJ
was depriving him of his right to compensation under Tex. Gov't Code Ann. § 501.007 (Vernon
1998) (1) and under the United States and Texas Constitutions without due process of law. (2) He
requested a declaratory judgment, specific performance, and an injunction to prevent reprisals from
other inmates, who allegedly were threatening him. Kleven also alleged Cheatham and Stevens took
items of his personal property, ostensibly to verify their ownership, but failed to return the property. 
He further alleged Cheatham and Stevens were negligent per se in failing to conform with TDCJ's
operating procedures.

 The TDCJ filed a motion to dismiss the suit as frivolous, which the trial court granted. On
appeal, we reversed the trial court's judgment, holding that the trial court's basis for granting the
dismissal, that the TDCJ is immune from liability for ordinary negligence claims, did not address
Kleven's theory of liability, i.e., that the TDCJ failed to provide meaningful administrative
procedures for him to receive redress for the loss of his property. Kleven v. Texas Dep't of Criminal
Justice - Institutional Div., 35 S.W.3d 112, 114-15 (Tex. App.-Texarkana 2000, no pet.).

 After remand, Kleven filed a fourth amended petition in which he contended the TDCJ,
Cheatham, and Stevens denied him his right to due process, retaliated against him for initiating this
action, and housed him with a person of a different race in violation of his rights. (3) He requested
various kinds of monetary and equitable relief. The TDCJ moved for summary judgment,
contending its administrative procedures for addressing inmate property claims do not violate due
process. The trial court granted the TDCJ's motion. Kleven also moved for summary judgment, but
the trial court overruled his motion in the same order that granted the TDCJ's motion.

 We first consider the TDCJ and Cheatham's motion to dismiss for want of jurisdiction, which
we have carried with the case. In their motion, the TDCJ and Cheatham contend the trial court's
judgment is not a final judgment. As a general rule, an appeal may be taken only from a final
judgment. Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001). A judgment that finally
disposes of all remaining parties and claims, based on the record in the case, is final regardless of
its language. Id. at 200. But the language of an order or judgment may make it final, even though
it should have been interlocutory, if that language expressly disposes of all claims and all parties. 
Id. The intent to finally dispose of the case must be unequivocally expressed in the words of the
order itself. If the intent to dispose of the case is clear from the order, the order is final and
appealable, even though the record does not provide an adequate basis for rendition of judgment. 
A judgment that grants more relief than a party is entitled to is erroneous and subject to reversal, but
it is not, for that reason alone, interlocutory. 

 The TDCJ's motion for summary judgment did not purport to address Kleven's claims against
Cheatham and Stevens, and neither Cheatham nor Stevens moved for summary judgment. However,
the trial court's order recites:

 It is hereby ORDERED that any and all relief sought by the plaintiff . . .
against . . . [TDCJ] . . . is hereby DENIED and judgment is hereby rendered in favor
of . . . [TDCJ].

 It is further ORDERED that the above-numbered and styled cause of action
be DISMISSED WITH PREJUDICE. This is a final judgment and disposes of all
issues and parties in this case. All relief not specifically granted herein is DENIED. 
All motions not previously ruled on are DENIED.


 It is clear that the trial court intended its judgment to be final as to all claims and all parties. 
Thus, we have jurisdiction of this appeal, and we accordingly overrule the TDCJ and Cheatham's
motion to dismiss.

 It is also clear, in light of the record as a whole, that the trial court's judgment in favor of
Cheatham and Stevens was erroneous, because neither party moved for summary judgment. Indeed,
the record does not indicate that Stevens filed an answer (though it is not clear that he was served). 
The appropriate procedure in this case is to review the judgment granted in favor of the TDCJ, and
if it was proper, affirm the trial court's judgment in part, reverse in part, and remand for further
proceedings. Bandera Elec. Co-op, Inc. v. Gilchrist, 946 S.W.2d 336, 336 (Tex. 1997).

 We therefore turn to the merits of Kleven's appeal. Kleven first contends the TDCJ's motion
for summary judgment contained incompetent summary judgment proof. The TDCJ attached to its
motion two exhibits: the affidavit of S. Allen, a sergeant at the Barry Telford Unit (Exhibit 1), and 
a copy of the TDCJ's operations manual pertaining to offender grievances (Exhibit 2). Allen's
affidavit refers to two attachments: Administrative Directive (AD) 3.78 (Attachment A), and a
redacted copy of two completed, written investigations of two inmate property claims (Attachment
B). Kleven contends that the TDCJ failed to include Attachment A, the copy of AD 3.78, in its
motion for summary judgment. He also contends the documents in Attachment B, the written reports
of investigations of inmate property claims, are unauthenticated. He further contends that the TDCJ's
Exhibit 2, the copy of its operations manual, is unauthenticated.

 There is no difference between the standards for admissibility of evidence in a summary
judgment proceeding and those applicable at a regular trial. United Blood Servs. v. Longoria, 938
S.W.2d 29, 30 (Tex. 1997). Thus, copies of documents must be authenticated in order to constitute
competent summary judgment evidence. See Republic Nat'l Leasing Corp. v. Schindler, 717 S.W.2d
606, 607 (Tex. 1986) (citing Zarges v. Bevan, 652 S.W.2d 368, 369 (Tex. 1983), and Life Ins. Co.
of Virginia v. Gar-Dal, Inc., 570 S.W.2d 378, 380 (Tex. 1978)). A properly sworn affidavit stating
that the attached documents are true and correct copies of the originals authenticates the copies so
they may be considered as summary judgment evidence. Republic Nat'l Leasing Corp. v. Schindler,
717 S.W.2d at 607; Columbia Rio Grande Reg'l Hosp. v. Stover, 17 S.W.3d 387, 396 (Tex.
App.-Corpus Christi 2000, no pet.); see also Tex. R. Evid. 901(b)(1).

 When affidavits are used as summary judgment proof, Rule 166a(f) of the Texas Rules of
Civil Procedure requires they be made on personal knowledge, set forth facts that would be
admissible in evidence, and affirmatively show that the affiant is competent to testify about the
matters contained in the affidavit. Tex. R. Civ. P. 166a(f). "Sworn or certified copies of all papers
or parts thereof referred to in an affidavit shall be attached thereto or served therewith." Id.

 The failure to attach copies of documents referred to in the affidavit renders the affidavit a
nullity. Langdeau v. Dick, 356 S.W.2d 945, 957 (Tex. Civ. App.-Austin 1962, writ ref'd n.r.e.). In
Rodriquez v. Texas Farmers Ins. Co., 903 S.W.2d 499, 505-06 (Tex. App.-Amarillo 1995, writ
denied), the court of appeals upheld the trial court's exclusion of the defendants' affidavit in support
of their response to the plaintiff's motion for summary judgment where the affiant relied on
documents that were not attached to the affidavit.

 The TDCJ failed to attach a sworn or certified copy of AD 3.78 to Allen's affidavit. Also,
Allen's affidavit did not swear that the copy of AD 3.78 attached to the affidavit was a true and
correct copy. Further, the copies of the written investigations of offender property claims attached
to Allen's affidavit are not certified, and Allen does not state that those documents are true and
correct copies of the originals. In addition, the copy of the TDCJ's operations manual related to
offender grievances, which it attached as Exhibit 2 to its motion for summary judgment, is not
certified or sworn, and Allen does not swear in his affidavit that the copy is a true and correct copy. 
Thus, Kleven is correct that the TDCJ's summary judgment evidence is incompetent.

 The TDCJ contends Kleven waived this issue because he failed to raise it in his response to
the TDCJ's motion for summary judgment. "Defects in the form of affidavits or attachments will
not be grounds for reversal unless specifically pointed out by objection by an opposing party with
opportunity, but refusal, to amend." Tex. R. Civ. P. 166a(f). Here, however, the record shows that
Kleven filed written objections to the TDCJ's motion in which he complained of these defects and
requested written rulings. The trial court overruled his objections when it granted the TDCJ's motion
for summary judgment.

 The TDCJ contends it was entitled to summary judgment because the process it uses to
resolve inmate property claims comports with the requirements of due process. Nevertheless, the
TDCJ failed to properly authenticate the copies showing its administrative procedures relating to
inmate property, so it was not entitled to summary judgment on that issue.

 Kleven contends the trial court erred in overruling his motion for summary judgment against
the TDCJ and Cheatham. As summary judgment proof, Kleven attached his unsworn declaration, (4)
which gives an account of the events that transpired, including the seizing of his property and his
pursuit of the grievance process. An affidavit of an interested party may serve as competent
summary judgment proof so long as such affidavit evidence is clear, positive, direct, credible, free
from contradiction, and susceptible of being readily controverted. Haynes v. City of Beaumont, 35
S.W.3d 166, 178 (Tex. App.-Texarkana 2000, no pet.) (op. on reh'g). Kleven's affidavit relies
extensively on hearsay; however, the defendants did not file written objections and obtain a ruling,
so any hearsay objection is waived. Wiggins v. Overstreet, 962 S.W.2d 198, 201 (Tex.
App.-Houston [14th Dist.] 1998, pet. denied); El Paso Assoc. v. J. R. Thurman & Co., 786 S.W.2d
17, 19 (Tex. App.-El Paso 1990, no writ).

 Further, the TDCJ did not file a response to Kleven's motion for summary judgment. If the
nonmovant fails to respond to the summary judgment motion with evidence raising a fact issue that
would preclude summary judgment, the nonmovant may not contend on appeal that there is a
disputed issue of material fact. Haynes v. City of Beaumont, 35 S.W.3d at 174. However, the trial
court may not grant summary judgment by default when the movant's summary judgment proof is
legally insufficient. The only ground for reversal the nonmovant may assert on appeal is the legal
insufficiency of the motion for summary judgment and the supporting proof. 

 Any person who, under color of law, subjects or causes to be subjected any citizen to the
deprivation of rights, privileges, or immunities secured by the United States Constitution or federal
law is liable for redress in an action at law, a suit in equity, or another proper proceeding. 
42 U.S.C.A. § 1983 (West 1994). Kleven contends his unrefuted summary judgment proof
establishes as a matter of law that Cheatham did not follow the TDCJ's procedures for inventorying
and returning his property; that the TDCJ's procedures for him to seek redress for the loss of his
property are a sham; that the TDCJ retaliated against him for pursuing this action; and that the TDCJ
was required to house him with members of his own race, but failed to do so.

 The trial court did not err in refusing to grant summary judgment with respect to Kleven's
claims against the TDCJ and Cheatham in his official capacity. Neither a state nor its officials acting
in their official capacities are "persons" for purposes of Section 1983. (5) Will v. Michigan Dep't of
State Police, 491 U.S. 58, 63, 109 S.Ct. 2304, 105 L.Ed.2d 45, 53 (1989); Harrison v. Texas Dep't
of Criminal Justice - Institutional Div., 915 S.W.2d 882, 889 (Tex. App.-Houston [1st Dist.] 1995,
no writ). In addition, the trial court did not err in refusing to grant summary judgment with respect
to Kleven's claims against Cheatham in his individual capacity, as Kleven failed to negate
Cheatham's qualified immunity defense, which Cheatham raised in his answer. Therefore, Kleven
has not shown himself entitled to summary judgment.

 We affirm the trial court's judgment denying Kleven's motion for summary judgment. We
reverse the summary judgment for the TDCJ, Cheatham, and Stevens and remand the cause to the
trial court for further proceedings.



 William J. Cornelius

 Chief Justice


Date Submitted: September 25, 2001

Date Decided: February 14, 2002


Publish
1. Tex. Gov't Code Ann. § 501.007 (Vernon 1998) provides in part:


 [TDCJ] may pay from the miscellaneous funds appropriated to the [institutional]
division claims made by inmates housed in facilities operated by [TDCJ] for property
lost or damaged by the [institutional] division . . . . [TDCJ] may not pay under this
section more than $500 on a claim.
2. U.S. Const. amend. V; Tex. Const. art. I, § 19.
3. Kleven's fourth amended petition makes somewhat different claims than his first petition. 
Under the rules, his fourth petition superseded his other pleadings. Tex. R. Civ. P. 65; see also
Woodruff v. Wright, 51 S.W.3d 727, 731 (Tex. App.-Texarkana 2001, pet. denied).
4. Tex. Civ. Prac. & Rem. Code Ann. § 132.001(a) (Vernon 1997) provides:


 Except as provided by Subsection (b), an unsworn declaration made as provided by
this chapter by an inmate in the Texas Department of Corrections or in a county jail
may be used in lieu of a written sworn declaration, verification, certification, oath,
or affidavit required by statute or required by a rule, order, or requirement adopted
as provided by law.
5. A plaintiff can maintain a cause of action for injunctive relief against a state official acting 
his or her official capacity. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 n.10, 109 S.Ct.
2304, 105 L.Ed.2d 45, 58 n.10 (1989); see also Kentucky v. Graham, 473 U.S. 159, 169 n.18, 105
S.Ct. 3099, 87 L.Ed.2d 114, 124 n.18 (1985). However, in his fourth amended petition, Kleven did
not request injunctive relief against Cheatham.



riority="39" QFormat="true" Name="TOC Heading"/>
 












 
 
 
 
 
 
 




 

 

 

 

 

 

 

 

 

                                                         In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00035-CR

                                                ______________________________

 

 

                                RAYMOND DEAN LACKEY,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                                  On Appeal from the County Court

                                                             Fannin County, Texas

                                                            Trial
Court No. 44051

 

                                                                          
                        

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                                        Opinion by Justice Moseley








                                                                   O P I N I O N

 

I.          FACTUAL AND PROCEDURAL
BACKGROUND

            Raymond
Dean Lackey was arrested for driving while intoxicated (DWI) and was
subsequently charged with DWI second offense, a class A misdemeanor.[1]
 Prior to trial, Lackey filed a motion to
suppress certain statements he made after his arrest, as well as a motion to
suppress evidence seized in connection with his arrest.  These motions were scheduled to be heard by
Fannin County Judge Eileen Cox[2]
at Lackeys pretrial hearing on December 2, 2009.  

            Because
Judge Cox was suffering from pneumonia on the date scheduled for hearing, she
was absent from the office.  In light of
her absence, Judge Cox proffered an oral motion to appoint John Skotnik, an
attorney practicing law in Bonham, Texas, to act as Fannin County Judge in her
absence.  Pursuant to the oral motion of
Judge Cox, an order was entered on December 2, 2009, appointing Skotnik during
Coxs absence from office:

In my absence from the office on December 2, 2009,
I hereby appoint the Honorable JOHN SKOTNIK, attorney at law, to act for me as
County Judge involving any mental or chemical dependency, criminal, juvenile,
civil or probate matters.

 

The order, signed by Cox and
Skotnik, was referred to by Cox as a general appointment.  

            Neither
Lackey nor his counsel was given notice that Skotnik would be sitting as the judge
for Lackeys pretrial hearing.  Counsel
for Lackey was therefore surprised to find Skotnik on the bench when he arrived
for the hearing.[3]  Even so, Lackey did not voice any objection
to Skotnik presiding over the pretrial hearing on December 2, and the hearing
proceeded as scheduled.  At the
conclusion of the hearing, Skotnik entered two ordersone denying Lackeys
motion to suppress statements and the second denying Lackeys motion to
suppress illegally seized evidence.  

            On
March 3, 2010, Lackey filed a motion to set aside order denying defendants
motion to suppress and requested a new hearing on his motion to suppress,[4]
citing Skotniks alleged lack of qualification to sit as a visiting judge.  Lackey claimed that because Skotnik[5]
never held the office of an elected county or state judge, Skotnik lacked
authority to sit as county judge at his pretrial hearing and lacked authority
to issue the orders which deny suppression of certain statements and
evidence.  After his motion was denied,
Lackey entered into a plea agreement whereby he reserved the right to appeal
the issue of Skotniks authority to hear and rule on his pretrial motions.  

            On
appeal, Lackey contends the trial court erred in appointing Skotnik to preside
as judge over his pretrial motions pursuant to Section 26.023 of the Texas
Government Code, since Skotnik was not statutorily qualified to sit as a
visiting judge.  Tex. Govt Code Ann. § 26.023 (Vernon 2004).  Consequently, Lackey claims entitlement to a
new hearing on his suppression motions before a duly appointed judge.  We agree.

II.        ANALYSIS

            A.        Statutory Application

            Central
to our analysis of the propriety of Skotniks appointment is the application of
the correct statute.  The parties to this
appeal are in disagreement in regard to this central factor.[6]
Statutory construction is a question of law we review de novo.  First
Am. Title Ins. Co. v. Combs, 258 S.W.3d 627, 631 (Tex. 2008).  Our primary objective when construing a
statute is to give effect to the Legislatures intent as expressed in the
statutes language.  Tex. Govt Code Ann. § 312.005
(Vernon 2005); Combs, 258 S.W.3d at
63132.  When the statutory language is
clear and unambiguous, such language is applied in accordance with its plain
and common meaning.  City of Rockwall v. Hughes, 246 S.W.3d 621, 62526 (Tex. 2008).

            The
Texas Government Code, subchapter C, Sections 26.021 through 26.028, outlines
procedures for the appointment of a visiting judge for a constitutional county
court, such as Fannin County.  Section
26.021 provides that subchapter C applies only to a county in which:

            (1)  there is no statutory county court at law or
statutory probate court; and

 

            (2)  all duties of the county court devolve on the
county judge.

 

Tex.
Govt Code Ann. § 26.021 (Vernon 2004). 
Such was the case in Fannin County at all times relevant to this appeal.

            On
appeal, the State claims that Section 26.022 of the Texas Government Code
applies to the subject appointment. 
Section 26.022 provides:

Appointment
for Particular Matters

 

            (a)        The county judge for good cause may at
any time appoint a visiting judge with respect to any pending civil or criminal
matter.

 

            (b)        The visiting judge may be appointed on
motion of the court or on motion of any counsel of record in the matter.  Each counsel of record is entitled to notice
and hearing on the matter.

 

            (c)        To be appointed a visiting judge, a
person must be agreed on by the counsels of record, if the counsels are able to
agree.

 

            (d)       The motion for appointment and the order
appointing the visiting judge shall be noted on the docket.  A written motion or order may be filed among
the papers of the case.

 

            (e)        The visiting judge has the powers of the
county judge in relation to the matter involved.

 

Tex.
Govt Code Ann. § 26.022 (Vernon 2004). 


            The
State contends that Section 26.022 provides authority for Skotniks
appointment, and indeed is the statute on which said appointment was
based.  In support of its position, the
State points to the trial courts statement that I would like to put on the
record that good cause was shown at that time that the County Judge was out
with pneumonia at that time.  That there
is a motion by -- on the Courts motion. 
The State argues that if Skotnik was not appointed pursuant to this
section, there would be no requirement for a showing of good cause; conjunctively,
no such appointment could be predicated on a motion.[7]  Even if the trial court intended to rely on
this section of the statute, it does not necessarily follow that the trial
court was correct in doing so.

            Lackey
maintains that Section 26.022 is not applicable here because the appointment
was necessitated by Judge Coxs absence because of physical incapacity and
the appointment was described by Judge Cox as a general appointment.  In other words, the appointment was not made
only for a particular matterLackeys pretrialbut for all matters to be heard
by Judge Cox on December 2, 2009.  Lackey
maintains that the applicable statute for this appointment is Section 26.023 of
the Texas Government Code, which provides:

Appointment
for Absence of Judge

 

            (a)        The county judge may appoint a retired
judge or a constitutional county judge from another county as a visiting judge
when the county judge is absent from the county or absent because of physical
incapacity.

 

            (b)        The visiting judge shall sit in all
matters that are docketed on any of the county courts dockets and has the
powers of the county judge in relation to the matter involved.

 

            (c)        Without the consent of the commissioners
court, visiting judges appointed under this section may not sit for more than
15 working days during a calendar year.

 

            (d)       The order appointing the visiting judge
shall be noted in the docket of the court.

 

Tex.
Govt Code Ann. § 26.023 (Vernon 2004).

            The
order purporting to appoint Skotnik states the appointment was made due to
Judge Coxs absence from the office. 
As Judge Cox explained, she was suffering from pneumonia on December 2,
2009.  Subsection (a) provides that
appointment of a visiting judge is authorized when the county judge is (1)
absent from the county or (2) absent because of physical incapacity.  The State maintains Judge Cox was not absent
due to physical incapacity based on the fact that she was able to sign the
order.  The phrase physical incapacity,
as that term is utilized in Section 26.023(a), is not defined in the statute or
in the caselaw.  Nevertheless, we believe
the context in which this term is used was not intended to be narrowly confined
to circumstances in which the judge is so totally and completely physically
incapacitated that he is unable to sign his 
name; rather, it is reasonable to conclude that the term physical
incapacity includes illness which necessitates absence from the bench.  

            Here,
Skotnik was appointed to act for Judge Cox as county judge involving any
mental or chemical dependency, criminal, juvenile, civil or probate matters.  Rather than appointing Skotnik to act in a particular matter, as envisioned by Section
26.022, the order purports to authorize Skotnik to act in any number of matters
that fall within the categories enumerated in the order.  Judge Cox aptly referred to the appointment
as a general appointment. 

            The
plain language of each of these sections, taken together, indicates that when a
judicial appointment is made for a particular matter, the parties must be
notified and given the opportunity to agree on the appointment.  This procedure logically fits the appointment
to a matter that is made only for the parties thereto.  On the other hand, when an appointment is
made because the county judge is absent due to physical incapacity, it would be
burdensome, at best, to notify all parties scheduled to appear in the county
court during the period of said absencewhich period may be ill definedand
unworkable to attempt to have all parties agree to the appointment.  In light of the language of the order, the
courts characterization of same as a general appointment,  Judge Coxs absence from the bench due to
physical incapacity, and the language of the statutory provisions in question,
we conclude that Section 26.023 of the Texas Government Code governs the
appointment at issue.  Tex. Govt Code Ann. § 26.023.   

            Section
26.023 explicitly requires the appointment of a retired judge or a
constitutional county judge from another county . . . .[8]
 Such was not the case here, as Skotnik
was neither a retired judge nor a constitutional county judge from another
county.  Tex. Govt Code Ann. § 26.023(a).  Because the appointment did not comport with
the requirements of Section 26.023(a), the appointment was made in the absence
of statutory authority.  We, therefore,
must determine, based upon the evident lack of authority, whether the orders
issued by Skotnik are void or merely voidable. 
The State contends such analysis is unnecessary because the issue of
Skotniks qualifications, not having been raised at the pretrial hearing, is
now waived.

            B.        Waiver
or Void Orders?

            In
support of its waiver argument, the State relies on Janecka v. State, 823 S.W.2d 232 (Tex. Crim. App. 1990).  In Janecka,
the State failed to object to the appointment of a special master who was to
make findings of fact and conclusions of law at a hearing on remand to
determine whether the rights of the appellant were harmed based on the trial
courts error in overruling appellants motion to quash the indictment.  The court determined that because the State
chose to fully participate in the proceeding before the special master without
raising its objection, such failure constituted a waiver of error.  Id.
at 244 (op. on rehg).  The trial court
had no statutory authority which would permit it to refer the hearing to a
special master in a case on direct appeal.  The State thus contended that the special
master was without authority to preside over the hearing.  Id.
at 243.  Nevertheless, the Texas Court of
Criminal Appeals determined the State waived its right to complain.  

            Janecka is unlike this case in that the
trial court adopted the special masters findings of fact and conclusions of
law.  When the findings and conclusions
of a special master are adopted by the trial court, such findings become
conclusive and are the findings of the trial court.  See
Lesikar v. Moon, 237 S.W.3d 361, 371 (Tex. App.Houston [14th Dist.] 2007,
pet. denied). Owens-Corning Fiberglas
Corp. v. Caldwell, 830 S.W.2d 622, 625 (Tex. App.Houston [1st Dist.]
1991, orig. proceeding).  In Janecka, there was no claim that the
trial court was without proper authority to adopt the findings of fact and
conclusions of law at issue. 
Accordingly, we do not find Janecka
to govern the issue of whether Lackey waived the right to contest Skotniks
authority to rule on the suppression motions. 


            Additional
authority relied on by the State in support of its waiver argument is not in
point, simply because, and as the State acknowledges, such authority relates to
the issue of procedural defects in the appointment of a judge.  An objection to the procedure involved in
appointing a judge must be made at or prior to the hearing at which the
appointed judge is to preside.  Miller v. State, 866 S.W.2d 243, 24546
(Tex. Crim. App. 1993).  That is,
judicial functions resulting in errors involving a violation of a statutory
procedure are not void, but voidable.  If
a judge is qualified and not constitutionally or statutorily disqualified, the
judges actions are not void although procedural irregularities in the manner
in which the case came before the particular judge may render the conviction
voidable.  Davis v. State, 956 S.W.2d 555, 559 (Tex. Crim. App. 1997).  Here, we are not faced with an issue of
procedure; rather, we are faced with the issue of the appointed judges
authority to act.  

            The
authority of the judge to act is not a jurisdictional issue, per se, as
judicial power is vested in courts, not individuals.  Id.  As the Davis
court aptly acknowledged, This is not to say that judicial functions
performed by one without any authority to act may not be void.  Id.  Where, for example, a trial judge is
constitutionally or statutorily disqualified to preside over the proceedings, a
conviction is void.  Ex parte Seidel, 39 S.W.3d 221, 225 (Tex. Crim. App. 2001) (citing Davis, 956 S.W.2d at 559). 

            Davis enumerates a number of
circumstances in which the action of the trial court, done without authority,
is void.  For example, in the
circumstance a retired judge was not authorized to preside because there was
nothing in the record to show that the regular judge was absent, disabled, or
disqualified at the time of trialas required by statutethe conviction was
reversed.  Herrod v. State, 650 S.W.2d 814, 81718 (Tex. Crim. App.
1983).  Further, if the trial judge is
related to a party or formerly prosecuted the same case, the judge is
constitutionally disqualified under Article V, Section 11 of the Texas
Constitution.  Ex parte Vivier, 699 S.W.2d 862 (Tex. Crim. App. 1985).  Likewise, a judge who has not taken the
constitutionally required oath is not qualified.  See French
v. State, 572 S.W.2d 934 (Tex. Crim. App. 1977).  The actions of a judge without authority are
void if the judge is either disqualified, or is not qualified.  Thull v.
State, 963 S.W.2d 879, 881 (Tex. App.Texarkana 1998, no pet.); see also In re B.F.B., 241 S.W.3d 643, 646 (Tex. App.Texarkana 2007, no
pet.); Mata v. State, 991 S.W.2d 900,
902 (Tex. App.Beaumont 1999, pet. refd) (citing Davis, 956 S.W.2d at 559). 
Otherwise the actions are merely voidable and must have been objected to
in order to be preserved for appeal.  Id.

            In this case, the
appointed judge had no authority to act because he was not qualified to sit as
a judge of a constitutional county court pursuant to Section 26.023 of the
Texas Government Code.  Skotnik was
neither a retired judge nor a constitutional county judge from another county. See Tex.
Govt Code Ann. § 26.023.  Because
the actions of a judge are void if the judge is not qualified, this case does
not present an issue of waiver.  Here,
the authority of the judge to act as such cannot be waivedjust as the subject-matter
jurisdiction of a court cannot be waived. 
Hubenak v. San Jacinto Gas
Transmission Co., 141 S.W.3d 172, 181 (Tex. 2004) (subject-matter jurisdiction
cannot be waived).  Likewise, just as
subject-matter jurisdiction cannot be conferred on a court by the consent of
the parties, a judge cannot be qualified to act as such by the consent of the
parties.  See Juarez v. Tex. Assn of
Sporting Officials El Paso Chapter, 172 S.W.3d 274, 278 (Tex. App.El Paso
2005, no pet.) (subject-matter jurisdiction cannot be conferred by consent).
The authority of the judge to act, in this case, is derived from statute.  See
Tex. Govt Code Ann. § 26.023.  Mere silence by a party or even active
participation in a hearing cannot waive the issue of the authority of the judge
to so act, nor can it serve to vest a judge with authority to act.  

III.       CONCLUSION

            Lackeys
participation in the pretrial hearing conducted by Skotnik, without objection,
does not act as a waiver of his right to now contest the validity of the orders
entered at that hearing.  Because Skotnik
was without authority to enter the orders denying Lackeys suppression motions,
such orders are void.  Accordingly, the
trial court erred in denying Lackeys motion to set aside the void orders and
in failing to grant a new hearing on the suppression motions.  Lackey is entitled to have both such orders
set aside and is further entitled to a new hearing on each such motion.  

            We reverse the judgment and remand to
the trial court for further proceedings in accordance with this opinion.  

 

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date Submitted:          August 18, 2010

Date Decided:             September 1, 2010

 

Publish

 











[1]Tex. Penal Code Ann. § 49.04 (Vernon
2003), § 49.09 (Vernon Supp. 2009).  We
note the information in this case identifies the Texas Penal Code provisions as
Sections 49.04 and 49.08.  This latter
section has to do with intoxication manslaughter, and was evidently a
typographical error in the information.  

 





[2]On
June 7, 2010, the Honorable Joe Moss was sworn in as the first judge of the
newly established statutory County Court in Fannin County.  Prior to that time, however, Fannin County
was served only by a constitutional county court, the current judge of which
court is the Honorable Eileen Cox. 

 





[3]There
was no notice of a hearing in regard to the appointment or selection of
Skotnik, and Lackey did not agree to have Skotnik sit as the judge on his
case.  

 





[4]While
this motion generically refers to the motion to suppress, it is clear from
the context of the record that Lackey complains of the rulings both on the
motion to suppress statements and the motion to suppress evidence seized at the
time of his arrest.  

 





[5]Moss,
the newly appointed judge for the statutory County Court in Fannin County,
testified at the hearing on Lackeys motion to set aside Skotniks orders. Moss
has never known Skotnik to be an elected judgeat the state or county levelsince
the year he was licensed to practice law in 1985.  Skotnik sits as a municipal judge for the
City of Bonham.  

 





[6]The
trial court did not indicate which provision of the Texas Government Code it
relied on for issuance of the order of appointment.





[7]The
State outlines the manner in which it contends the trial court complied with
each subsection of Section 26.022.  The
State further contends that this section of the Texas Government Code does not
require that a visiting judge be a retired judge or an elected judge at any
level in this State.  Because we find
that Section 26.022 is not applicable to the appointment here, we do not
address the issue of whether the appointment was in compliance with this
section.  Tex. Govt Code Ann. § 26.022.  





[8]A
retired judge means . . . a retiree . . . or a person who served as an active
judge for at least 96 months in a statutory probate or statutory county court
and has retired under the Texas County and District Retirement System.  Tex.
Govt Code Ann. § 74.041(6) (Vernon 2005).