

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-10-00035-CR

_____

RAYMOND DEAN LACKEY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court
Fannin County, Texas
Trial Court No. 44051

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Justice Moseley

## OPINION

## I. FACTUAL AND PROCEDURAL BACKGROUND

Raymond Dean Lackey was arrested for driving while intoxicated (DWI) and was subsequently charged with DWI second offense, a class A misdemeanor.[1] Prior to trial, Lackey filed a motion to suppress certain statements he made after his arrest, as well as a motion to suppress evidence seized in connection with his arrest. These motions were scheduled to be heard by Fannin County Judge Eileen Cox[2] at Lackey's pretrial hearing on December 2, 2009.

Because Judge Cox was suffering from pneumonia on the date scheduled for hearing, she was absent from the office. In light of her absence, Judge Cox proffered an oral motion to appoint John Skotnik, an attorney practicing law in Bonham, Texas, to act as Fannin County Judge in her absence. Pursuant to the oral motion of Judge Cox, an order was entered on December 2, 2009, appointing Skotnik during Cox's absence from office:

> In my absence from the office on December 2, 2009, I hereby appoint the Honorable JOHN SKOTNIK, attorney at law, to act for me as County Judge involving any mental or chemical dependency, criminal, juvenile, civil or probate matters.

The order, signed by Cox and Skotnik, was referred to by Cox as a "general appointment."

---

[1] TEX. PENAL CODE ANN. § 49.04 (Vernon 2003), § 49.09 (Vernon Supp. 2009). We note the information in this case identifies the Texas Penal Code provisions as Sections 49.04 and 49.08. This latter section has to do with intoxication manslaughter, and was evidently a typographical error in the information.

[2] On June 7, 2010, the Honorable Joe Moss was sworn in as the first judge of the newly established statutory County Court in Fannin County. Prior to that time, however, Fannin County was served only by a constitutional county court, the current judge of which court is the Honorable Eileen Cox.

Neither Lackey nor his counsel was given notice that Skotnik would be sitting as the judge for Lackey's pretrial hearing. Counsel for Lackey was therefore surprised to find Skotnik on the bench when he arrived for the hearing.[3] Even so, Lackey did not voice any objection to Skotnik presiding over the pretrial hearing on December 2, and the hearing proceeded as scheduled. At the conclusion of the hearing, Skotnik entered two orders—one denying Lackey's motion to suppress statements and the second denying Lackey's motion to suppress illegally seized evidence.

On March 3, 2010, Lackey filed a "motion to set aside 'order denying defendant's motion to suppress'" and requested a new hearing on his motion to suppress,[4] citing Skotnik's alleged lack of qualification to sit as a visiting judge. Lackey claimed that because Skotnik[5] never held the office of an elected county or state judge, Skotnik lacked authority to sit as county judge at his pretrial hearing and lacked authority to issue the orders which deny suppression of certain statements and evidence. After his motion was denied, Lackey entered into a plea agreement

_____

[3]There was no notice of a hearing in regard to the appointment or selection of Skotnik, and Lackey did not agree to have Skotnik sit as the judge on his case.

[4]While this motion generically refers to the "motion to suppress," it is clear from the context of the record that Lackey complains of the rulings both on the motion to suppress statements and the motion to suppress evidence seized at the time of his arrest.

[5]Moss, the newly appointed judge for the statutory County Court in Fannin County, testified at the hearing on Lackey's motion to set aside Skotnik's orders. Moss has never known Skotnik to be an elected judge—at the state or county level—since the year he was licensed to practice law in 1985. Skotnik sits as a municipal judge for the City of Bonham.

3

whereby he reserved the right to appeal the issue of Skotnik's authority to hear and rule on his pretrial motions.

On appeal, Lackey contends the trial court erred in appointing Skotnik to preside as judge over his pretrial motions pursuant to Section 26.023 of the Texas Government Code, since Skotnik was not statutorily qualified to sit as a visiting judge. TEX. GOV'T CODE ANN. § 26.023 (Vernon 2004). Consequently, Lackey claims entitlement to a new hearing on his suppression motions before a duly appointed judge. We agree.

## II. ANALYSIS

### A. Statutory Application

Central to our analysis of the propriety of Skotnik's appointment is the application of the correct statute. The parties to this appeal are in disagreement in regard to this central factor.[6] Statutory construction is a question of law we review de novo. *First Am. Title Ins. Co. v. Combs*, 258 S.W.3d 627, 631 (Tex. 2008). Our primary objective when construing a statute is to give effect to the Legislature's intent as expressed in the statute's language. TEX. GOV'T CODE ANN. § 312.005 (Vernon 2005); *Combs*, 258 S.W.3d at 631–32. When the statutory language is clear and unambiguous, such language is applied in accordance with its plain and common meaning. *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625–26 (Tex. 2008).

---

[6]The trial court did not indicate which provision of the Texas Government Code it relied on for issuance of the order of appointment.

4

The Texas Government Code, subchapter C, Sections 26.021 through 26.028, outlines procedures for the appointment of a visiting judge for a constitutional county court, such as Fannin County. Section 26.021 provides that subchapter C applies only to a county in which:

    (1)   there is no statutory county court at law or statutory probate court; and

    (2)   all duties of the county court devolve on the county judge.

TEX. GOV'T CODE ANN. § 26.021 (Vernon 2004). Such was the case in Fannin County at all times relevant to this appeal.

On appeal, the State claims that Section 26.022 of the Texas Government Code applies to the subject appointment. Section 26.022 provides:

**Appointment for Particular Matters**

    (a)    The county judge for good cause may at any time appoint a visiting judge with respect to any pending civil or criminal matter.

    (b)    The visiting judge may be appointed on motion of the court or on motion of any counsel of record in the matter. Each counsel of record is entitled to notice and hearing on the matter.

    (c)    To be appointed a visiting judge, a person must be agreed on by the counsels of record, if the counsels are able to agree.

    (d)    The motion for appointment and the order appointing the visiting judge shall be noted on the docket. A written motion or order may be filed among the papers of the case.

    (e)    The visiting judge has the powers of the county judge in relation to the matter involved.

TEX. GOV'T CODE ANN. § 26.022 (Vernon 2004).

The State contends that Section 26.022 provides authority for Skotnik's appointment, and indeed is the statute on which said appointment was based. In support of its position, the State points to the trial court's statement that "I would like to put on the record that good cause was shown at that time that the County Judge was out with pneumonia at that time. That there is a motion by -- on the Court's motion." The State argues that if Skotnik was not appointed pursuant to this section, there would be no requirement for a showing of good cause; conjunctively, no such appointment could be predicated on a motion.[7] Even if the trial court intended to rely on this section of the statute, it does not necessarily follow that the trial court was correct in doing so.

Lackey maintains that Section 26.022 is not applicable here because the appointment was necessitated by Judge Cox's absence "because of physical incapacity" and the appointment was described by Judge Cox as a "general appointment." In other words, the appointment was not made only for a particular matter—Lackey's pretrial—but for all matters to be heard by Judge Cox on December 2, 2009. Lackey maintains that the applicable statute for this appointment is Section 26.023 of the Texas Government Code, which provides:

**Appointment for Absence of Judge**

(a) The county judge may appoint a retired judge or a constitutional county judge from another county as a visiting judge when the county judge is absent from the county or absent because of physical incapacity.

---

[7]The State outlines the manner in which it contends the trial court complied with each subsection of Section 26.022. The State further contends that this section of the Texas Government Code does not require that a visiting judge be a retired judge or an elected judge at any level in this State. Because we find that Section 26.022 is not applicable to the appointment here, we do not address the issue of whether the appointment was in compliance with this section. TEX. GOV'T CODE ANN. § 26.022.

6

(b) The visiting judge shall sit in all matters that are docketed on any of the county court's dockets and has the powers of the county judge in relation to the matter involved.

(c) Without the consent of the commissioners court, visiting judges appointed under this section may not sit for more than 15 working days during a calendar year.

(d) The order appointing the visiting judge shall be noted in the docket of the court.

TEX. GOV'T CODE ANN. § 26.023 (Vernon 2004).

The order purporting to appoint Skotnik states the appointment was made due to Judge Cox's "absence from the office." As Judge Cox explained, she was suffering from pneumonia on December 2, 2009. Subsection (a) provides that appointment of a visiting judge is authorized when the county judge is (1) absent from the county or (2) absent because of physical incapacity. The State maintains Judge Cox was not absent due to physical incapacity based on the fact that she was able to sign the order. The phrase "physical incapacity," as that term is utilized in Section 26.023(a), is not defined in the statute or in the caselaw. Nevertheless, we believe the context in which this term is used was not intended to be narrowly confined to circumstances in which the judge is so totally and completely physically incapacitated that he is unable to sign his name; rather, it is reasonable to conclude that the term "physical incapacity" includes illness which necessitates absence from the bench.

7

Here, Skotnik was appointed to act for Judge Cox as county judge "involving any mental or chemical dependency, criminal, juvenile, civil or probate matters." Rather than appointing Skotnik to act in a *particular matter*, as envisioned by Section 26.022, the order purports to authorize Skotnik to act in any number of matters that fall within the categories enumerated in the order. Judge Cox aptly referred to the appointment as a "general appointment."

The plain language of each of these sections, taken together, indicates that when a judicial appointment is made for a particular matter, the parties must be notified and given the opportunity to agree on the appointment. This procedure logically fits the appointment to a matter that is made only for the parties thereto. On the other hand, when an appointment is made because the county judge is absent due to physical incapacity, it would be burdensome, at best, to notify all parties scheduled to appear in the county court during the period of said absence—which period may be ill defined—and unworkable to attempt to have all parties agree to the appointment. In light of the language of the order, the court's characterization of same as a "general appointment," Judge Cox's absence from the bench due to physical incapacity, and the language of the statutory provisions in question, we conclude that Section 26.023 of the Texas Government Code governs the appointment at issue. TEX. GOV'T CODE ANN. § 26.023.

Section 26.023 explicitly requires the appointment of "a retired judge or a constitutional county judge from another county . . . ."[8]  Such was not the case here, as Skotnik was neither a retired judge nor a constitutional county judge from another county.  TEX. GOV'T CODE ANN. § 26.023(a).  Because the appointment did not comport with the requirements of Section 26.023(a), the appointment was made in the absence of statutory authority.  We, therefore, must determine, based upon the evident lack of authority, whether the orders issued by Skotnik are void or merely voidable.  The State contends such analysis is unnecessary because the issue of Skotnik's qualifications, not having been raised at the pretrial hearing, is now waived.

### B.    Waiver or Void Orders?

In support of its waiver argument, the State relies on *Janecka v. State*, 823 S.W.2d 232 (Tex. Crim. App. 1990).  In *Janecka*, the State failed to object to the appointment of a special master who was to make findings of fact and conclusions of law at a hearing on remand to determine whether the rights of the appellant were harmed based on the trial court's error in overruling appellant's motion to quash the indictment.  The court determined that because the State chose to fully participate in the proceeding before the special master without raising its objection, such failure constituted a waiver of error.  *Id.* at 244 (op. on reh'g).  The trial court had no statutory authority which would permit it to refer the hearing to a special master in a case on direct appeal.  The State thus contended that the special master was without authority to preside

---

[8]A retired judge "means . . . a retiree . . . or a person who served as an active judge for at least 96 months in a statutory probate or statutory county court and has retired under the Texas County and District Retirement System."  TEX. GOV'T CODE ANN. § 74.041(6) (Vernon 2005).

over the hearing. *Id*. at 243. Nevertheless, the Texas Court of Criminal Appeals determined the State waived its right to complain.

*Janecka* is unlike this case in that the trial court adopted the special master's findings of fact and conclusions of law. When the findings and conclusions of a special master are adopted by the trial court, such findings become conclusive and are the findings of the trial court. *See Lesikar v. Moon*, 237 S.W.3d 361, 371 (Tex. App.—Houston [14th Dist.] 2007, pet. denied). *Owens-Corning Fiberglas Corp. v. Caldwell*, 830 S.W.2d 622, 625 (Tex. App.—Houston [1st Dist.] 1991, orig. proceeding). In *Janecka*, there was no claim that the trial court was without proper authority to adopt the findings of fact and conclusions of law at issue. Accordingly, we do not find *Janecka* to govern the issue of whether Lackey waived the right to contest Skotnik's authority to rule on the suppression motions.

Additional authority relied on by the State in support of its waiver argument is not in point, simply because, and as the State acknowledges, such authority relates to the issue of procedural defects in the appointment of a judge. An objection to the procedure involved in appointing a judge must be made at or prior to the hearing at which the appointed judge is to preside. *Miller v. State*, 866 S.W.2d 243, 245–46 (Tex. Crim. App. 1993). That is, judicial functions resulting in errors involving a violation of a statutory procedure are not void, but voidable. If a judge is qualified and not constitutionally or statutorily disqualified, the judge's actions are not void although procedural irregularities in the manner in which the case came before the particular judge

10

may render the conviction voidable. *Davis v. State*, 956 S.W.2d 555, 559 (Tex. Crim. App. 1997). Here, we are not faced with an issue of procedure; rather, we are faced with the issue of the appointed judge's authority to act.

The authority of the judge to act is not a jurisdictional issue, per se, as judicial power is vested in courts, not individuals. *Id.* As the *Davis* court aptly acknowledged, "This is not to say that judicial functions performed by one without any authority to act may not be void." *Id.* Where, for example, a trial judge is constitutionally or statutorily disqualified to preside over the proceedings, a conviction is void. *Ex parte Seidel*, 39 S.W.3d 221, 225 (Tex. Crim. App. 2001) (citing *Davis*, 956 S.W.2d at 559).

*Davis* enumerates a number of circumstances in which the action of the trial court, done without authority, is void. For example, in the circumstance a retired judge was not authorized to preside because there was nothing in the record to show that the regular judge was absent, disabled, or disqualified at the time of trial—as required by statute—the conviction was reversed. *Herrod v. State*, 650 S.W.2d 814, 817–18 (Tex. Crim. App. 1983). Further, if the trial judge is related to a party or formerly prosecuted the same case, the judge is constitutionally disqualified under Article V, Section 11 of the Texas Constitution. *Ex parte Vivier*, 699 S.W.2d 862 (Tex. Crim. App. 1985). Likewise, a judge who has not taken the constitutionally required oath is not qualified. *See French v. State*, 572 S.W.2d 934 (Tex. Crim. App. 1977). The actions of a judge without authority are void if the judge is either disqualified, or is not qualified. *Thull v. State*, 963

11

S.W.2d 879, 881 (Tex. App.—Texarkana 1998, no pet.); *see also In re B.F.B.*, 241 S.W.3d 643, 646 (Tex. App.—Texarkana 2007, no pet.); *Mata v. State*, 991 S.W.2d 900, 902 (Tex. App.—Beaumont 1999, pet. ref'd) (citing *Davis*, 956 S.W.2d at 559). Otherwise the actions are merely voidable and must have been objected to in order to be preserved for appeal. *Id.*

In this case, the appointed judge had no authority to act because he was not qualified to sit as a judge of a constitutional county court pursuant to Section 26.023 of the Texas Government Code. Skotnik was neither a retired judge nor a constitutional county judge from another county. *See* TEX. GOV'T CODE ANN. § 26.023. Because the actions of a judge are void if the judge is not qualified, this case does not present an issue of waiver. Here, the authority of the judge to act as such cannot be waived—just as the subject-matter jurisdiction of a court cannot be waived. *Hubenak v. San Jacinto Gas Transmission Co.*, 141 S.W.3d 172, 181 (Tex. 2004) (subject-matter jurisdiction cannot be waived). Likewise, just as subject-matter jurisdiction cannot be conferred on a court by the consent of the parties, a judge cannot be qualified to act as such by the consent of the parties. *See Juarez v. Tex. Ass'n of Sporting Officials El Paso Chapter*, 172 S.W.3d 274, 278 (Tex. App.—El Paso 2005, no pet.) (subject-matter jurisdiction cannot be conferred by consent). The authority of the judge to act, in this case, is derived from statute. *See* TEX. GOV'T CODE ANN. § 26.023. Mere silence by a party or even active participation in a hearing cannot waive the issue of the authority of the judge to so act, nor can it serve to vest a judge with authority to act.

## III.     CONCLUSION

12

Lackey's participation in the pretrial hearing conducted by Skotnik, without objection, does not act as a waiver of his right to now contest the validity of the orders entered at that hearing. Because Skotnik was without authority to enter the orders denying Lackey's suppression motions, such orders are void. Accordingly, the trial court erred in denying Lackey's motion to set aside the void orders and in failing to grant a new hearing on the suppression motions. Lackey is entitled to have both such orders set aside and is further entitled to a new hearing on each such motion.

We reverse the judgment and remand to the trial court for further proceedings in accordance with this opinion.

Bailey C. Moseley
Justice

Date Submitted:      August 18, 2010
Date Decided:        September 1, 2010

Publish

13