Reversed and Remanded and Memorandum Opinion filed July 26, 2005









Reversed and Remanded and Memorandum Opinion filed
July 26, 2005.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00182-CV

____________

 

THE
INSURANCE EXCHANGE AGENCY OF TEXAS, INC., Appellant

 

V.

 

FIRST
INSURANCE FUNDING CORPORATION, Appellee

____________________________________________________________

 

On Appeal from the 11th District

Harris County, Texas

Trial Court Cause No. 03-03058

____________________________________________________________

 

M E M O R A N D U M   O P I N I O N








Appellee First Insurance Funding
Corporation (AFirst Insurance@) sued
appellant The Insurance Exchange Agency of Texas, Inc. (AInsurance
Exchange Agency@) for
breach of contract and other claims. 
Insurance Exchange Agency asserted it was not a party to the contracts
in question and preserved this argument in its pleadings with a verified
denial.  The trial court granted First
Insurance=s motion for summary
judgment.  Because we determine the
summary-judgment evidence did not conclusively prove the company that signed
the contracts was Insurance Exchange Agency, we reverse the trial court=s
judgment and remand for further proceedings.

I.  Factual and Procedural Background

First Insurance originally filed
this suit against AThe
Insurance Exchange@ for
alleged breach of contract, conversion and/or constructive trust, breach of
statutory duties, fraud, and negligence. 
In its amended petition, First Insurance appears to have sued only AThe
Insurance Exchange Agency of Texas, Inc.@  However, there is a potential ambiguity in
the amended petition because it appears to refer to two defendants in the AParties@ section C (1) AInsurance
Exchange,@ with a registered agent for
service of process in Dallas, and (2) AThe
Insurance Exchange Agency of Texas, Inc.,@ with a
registered agent for service of process in Sugar Land.  However, because the amended petition
previously had defined AInsurance
Exchange@ to mean AThe
Insurance Exchange Agency of Texas, Inc.@
throughout the pleading, it appears that the amended petition names only AThe
Insurance Exchange Agency of Texas, Inc.@ as a
defendant, although it confuses the issue by listing the same defendant twice
as if it were two different defendants with different agents for service of
process.  After Insurance Exchange Agency
answered by pleading a general denial, verified denials, and affirmative
defenses, First Insurance moved for a summary judgment on its
breach-of-contract claim.  Insurance
Exchange Agency responded by asserting, among other things, that it was not a
party to the alleged contracts made the basis of this suit by First Insurance.

The trial court granted summary
judgment in favor of First Insurance after Insurance Exchange Agency failed to
appear at a scheduled hearing on the motion. 
The trial court later entered an amended final judgment awarding First
Insurance a money judgment against ATHE
INSURANCE EXCHANGE AGENCY OF TEXAS, INC. sometimes also known as THE INSURANCE
EXCHANGE.@ 
Insurance Exchange Agency timely appealed, asserting the trial court
erred in granting First Insurance=s motion
for summary judgment.








II. 
Standard of Review

In
reviewing a traditional motion for summary judgment, we take as true all
evidence favorable to the nonmovant, and we make all reasonable inferences in
the nonmovant=s favor.  Dolcefino v. Randolph, 19
S.W.3d 306, 916 (Tex. App.CHouston
[14th Dist.] 2000, pet. denied).  If the
movant=s motion
and summary-judgment evidence facially establish its right to judgment as a
matter of law, the burden shifts to the nonmovant to raise a genuine, material
fact issue sufficient to defeat summary judgment.  Id.

III.  Issues and Analysis

Has Insurance Exchange
Agency lost its right to prosecute this appeal under section 171.252 of the
Texas Tax Code?

 

As a preliminary matter, First
Insurance claims Insurance Exchange Agency does not have standing to appeal
under the Texas Tax Code.  See Tex. Tax Code Ann. '' 171.251,
171.252 (Vernon 2002).  Section 171.252
of the Texas Tax Code provides that, if the corporate privileges of a
corporation are forfeited under section 171.251 of the Texas Tax Code, then
that corporation loses its right to sue or defend in Texas courts.  See id.  Even if Insurance Exchange Agency=s
corporate privileges have been forfeited under section 171.251, this would not
affect this court=s
jurisdiction or Insurance Exchange Agency=s
standing.  See Flameout Design &
Fabrication, Inc. v. Pennzoil Caspian Corp., 994 S.W.2d 820, 838B39 (Tex.
App.CHouston
[1st Dist.] 1999, no pet.) (stating that loss of right to sue or defend in
Texas courts under section 171.252 is not jurisdictional).  








Nonetheless, presuming for the
sake of argument that First Insurance can raise for the first time on appeal
the alleged inability of Insurance Exchange Agency to prosecute this appeal
under section 171.252 and presuming that section 171.252 applies to the right to
prosecute an appeal, First Insurance=s
argument fails because First Insurance has not shown that Insurance Exchange
Agency=s
corporate privileges have been forfeited. 
In support of its argument, First Insurance offers a copy of a
certificate from the Texas Comptroller of Public Accounts that lists Insurance
Exchange Agency as Anot in
good standing.@ 
However, not being in good standing does not necessarily mean that
corporate privileges have been forfeited. 
First Insurance has not shown that Insurance Exchange Agency=s
corporate privileges have been forfeited. 
Accordingly, we overrule First Insurance=s section
171.252 objection and proceed to review the other issues Insurance Exchange
Agency raises on appeal.

Did
the trial court err in granting summary judgment in favor of Insurance Exchange
Agency?

 

In its second issue, Insurance
Exchange Agency claims the trial court erred in granting summary judgment
because First Insurance did not prove it was entitled to judgment as a matter
of law.[1]  Specifically, Insurance Exchange Agency
asserts that First Insurance did not satisfy its summary-judgment burden by
proving as a matter of law that Insurance Exchange Agency is a party to the
contracts in question.  First Insurance
based its contract claims on contracts that it allegedly had with Insurance
Exchange Agency.  Therefore, it had to
prove conclusively, based on the summary-judgment evidence, that one or more
contracts exist between First Insurance and Insurance Exchange Agency.  See MMP, Ltd. v. Jones, 710 S.W.2d 59,
60 (Tex. 1986) (stating that plaintiff moving for summary judgment must
conclusively prove all essential elements of its claim); Frost Nat=l Bank v.
Burge, 29 S.W.3d 580, 593 (Tex. App.CHouston
[14th Dist.] 2000, no pet.) (stating elements of contract claim, including
existence of valid contract).  








First Insurance claims Insurance
Exchange Agency did not properly preserve its argument that it was not a party
to the contracts.  We disagree.  Insurance Exchange Agency asserted there was
a defect in the parties by verified denial in its original answer and also
raised the issue in its response to First Insurance=s motion
for summary judgment.  See Tex. R. Civ. P. 93(4).  Raising a defect-of-parties argument
in verified pleadings is sufficient to preserve this issue for appeal.  See CHCA East Houston, L.P. v. Henderson,
99 S.W.3d 630, 632B34 (Tex.
App.CHouston
[14th Dist.] 2003, no pet.); Wiggins v. Overstreet, 962 S.W.2d 198, 200
(Tex. App.CHouston [14th Dist.] 1998, pet.
denied) (affirming defect‑of‑parties objection that individual was
not proper party).  By filing a verified
denial asserting a defect of parties and by asserting in its summary-judgment
response that it is not a party to the contracts in question, Insurance
Exchange Agency preserved error as to this argument in the trial court.[2]








To obtain summary judgment, First
Insurance had the burden of establishing as a matter of law that no genuine
issue of material fact exists as to each element of its breach-of-contract
claims.  Rhône-Poulenc, Inc. v. Steel,
997 S.W.2d 217, 222B23 (Tex.
1999).  Unless First Insurance
conclusively established that Insurance Exchange Agency is a party to the
contracts in question, Insurance Exchange Agency had no burden to respond or
provide evidence on this issue.  See
id.  The summary-judgment evidence
includes copies of three contracts that identify First Insurance as one party
and show the signature of an agent for either AInsurance
Exchange@ or AInsurance
Exchange/Houston.@  First Insurance alleges McKinley Shumate
signed the three contracts and that he was president of Insurance Exchange
Agency, but there is no timely filed summary-judgment evidence to prove this
assertion.  The contracts do reflect a
signature, but it is not clear whose signature is on these
contracts.  Furthermore, even if Shumate
did sign the contracts, there is no evidence indicating on which corporation=s behalf
he was acting as an agent.  

In fact, First Insurance=s own
evidence raised a fact issue as to who is a party to the contracts.  In its motion for summary judgment and on
appeal, First Insurance asserts that Insurance Exchange Agency was fully aware
of its obligations if the three customers in question failed to pay their
installments and First Insurance cancelled their policies.  In support of this assertion regarding
Insurance Exchange Agency=s
awareness, First Insurance cites a letter attached to its summary-judgment motion.  Shumate authored and signed this letter on
the letterhead of AThe
Insurance Exchange USA, Inc.,@ rather
than AThe
Insurance Exchange Agency of Texas, Inc.,@ C the
corporation against which First Insurance filed this suit and obtained a
judgment in the trial court.  The
summary-judgment evidence does not conclusively prove that Insurance Exchange
Agency is a party to the contracts in question.[3]








In an effort to prove Shumate is
the president of Insurance Exchange Agency, First Insurance relies on Insurance
Exchange Agency=s
response to an interrogatory.  This
document, however, was attached to First Insurance=s reply
to Insurance Exchange Agency=s
response to the summary-judgment motion and was filed only five days before the
summary-judgment hearing.  Though there
is no specific time requirement by which a reply must be filed, a movant=s
summary-judgment evidence must be filed no later than twenty-one days before
the hearing.  Tex. R. Civ. P. 166a(c). 
Evidence filed late may not be considered for purposes of the motion or
on appeal without leave from the court.  Benchmark
Bank v. Crowder, 919 S.W.2d 657, 663 (Tex. 1996).  First Insurance did not obtain leave from the
trial court, and therefore, the interrogatory response may not be considered as
support for the motion.[4]  








First Insurance also asserts that
Insurance Exchange Agency referred to itself interchangeably as both AInsurance
Exchange@ and AThe
Insurance Exchange Agency of Texas, Inc.@ in its
original answer, supplemental answer, and summary-judgment response.  First Insurance further asserts that Shumate
submitted a signed verification on behalf of AThe
Insurance Exchange@ and that
he signed a summary-judgment affidavit on behalf of AThe
Insurance Exchange Agency of Texas, Inc.@  As to the summary-judgment affidavit, this
assertion is incorrect because Shumate does not state that he signs this
affidavit on behalf of any entity.  The
original answer does state that the defendant is AThe
Insurance Exchange,@ and
Shumate=s
verification does state that he is an agent of AThe
Insurance Exchange.@  Furthermore, it is understandable that
Insurance Exchange Agency and its counsel may have been confused as to the
denomination of the defendant in this case because: (1) First Insurance
originally sued AThe Insurance
Exchange@; (2)
First Insurance=s amended
petition appears to refer to two defendants C AInsurance
Exchange@ with a
registered agent for service of process in Dallas and AThe
Insurance Exchange Agency of Texas, Inc.@ with a
registered agent for service of process in Sugar Land; and (3) First Insurance=s amended
petition repeatedly uses AInsurance
Exchange@ as a
defined term to mean AThe
Insurance Exchange Agency of Texas, Inc.@[5]  In any event, Insurance Exchange Agency=s answers
and summary-judgment response are not summary-judgment evidence, and they do
not constitute a judicial admission that Insurance Exchange Agency is a party
to the contracts in question or that it is also known as AInsurance
Exchange@ or AInsurance
Exchange/Houston.@ 

First Insurance does not allege
any alter ego or piercing-the-corporate veil theory, and it does not allege in
its petition that Insurance Exchange Agency does business as AThe
Insurance Exchange.@  The summary-judgment evidence does not
conclusively establish as a matter of law that Shumate signed the contracts in
question or that the person who signed these contracts did so as agent of
Insurance Exchange Agency.  First
Insurance did not meet its burden of conclusively proving the existence of
valid contracts between First Insurance and Insurance Exchange Agency.  Therefore, we conclude that the trial court
erred in granting a summary judgment against Insurance Exchange Agency.  Accordingly, we sustain the first and second
issues, reverse the trial court=s
judgment and remand for further proceedings consistent with this opinion.[6]

 

/s/        Kem Thompson Frost

Justice

 

Judgment rendered and Memorandum Opinion filed July 26, 2005.

Panel consists of Chief Justice Hedges and Justices Hudson and Frost.

 

 











[1]  Insurance
Exchange Agency=s first issue is similar to its second.  In its first issue, Insurance Exchange Agency
argues the trial court erred in granting summary judgment because First
Insurance did not prove that Insurance Exchange Agency is a party to the
contracts in question.  Thus, both the
first and second issue are dependent upon a determination of whether First
Insurance conclusively proved that Insurance Exchange Agency is a party to the
contracts in question.





[2]  It also should
be noted that First Insurance did not trigger Texas Rule of Civil Procedure
93(7) because it did not allege in its petition that Insurance Exchange Agency
signed or executed any written instrument. 
See Tex. R. Civ. P.
93(7).





[3]  Insurance Exchange Agency attached
an affidavit from Shumate to its summary-judgment response.  In this affidavit Shumate states that a
review of the agreements in question does
not show that AThe Insurance Exchange of Texas, Inc.@ is a party. 
Although First Insurance correctly points out that this statement is
conclusory and not competent summary-judgment evidence, this does not affect
First Insurance=s burden to conclusively prove that Insurance Exchange
Agency is a party to the contracts in question.





[4]  In any event,
the interrogatory response on which First Insurance relies as proof that
Shumate is the president of Insurance Exchange Agency is not conclusive.  From the wording of the question and the
response, it is not clear whether Shumate is the president of Insurance
Exchange, of Insurance Exchange Agency, or of both.  Furthermore, an interrogatory response that AThe Insurance Exchange Agency of Texas, Inc.@ is the correct legal name of the defendant does not
speak to the issue of whether that defendant is a party to the contracts in
question. 





[5]  The
terminology used in the original answer may have been incorporating the defined
term from  First Insurance=s petition, or it may be that the defendant did not
see the defined term in the petition and thought it was being sued as AThe Insurance Exchange.@





[6]  Because we
sustain Insurance Exchange Agency=s first
and second issues, we need not address its other appellate arguments.