EL PASO ASSOCIATES, LTD., a
California Limited Partnership,
et al., Appellants,

v.

J.R. THURMAN & COMPANY, et
al., Appellees.

No. 08–89–00279–CV.

Court of Appeals of Texas,
El Paso.

Jan. 31, 1990.

Steven L. Hughes, Grambling & Mounce, El Paso, for appellants.

E. Link Beck, Beck & James, El Paso, for appellees.

Before OSBORN, C.J., and WOODARD and KOEHLER, JJ.

## OPINION

WOODARD, Justice.

This is an appeal from a summary judgment granted to the defendant below on alleged causes of action for violations of the Deceptive Trade Practices—Consumer Protection Act, breach of implied warranty, breach of contract, breach of fiduciary duty, negligence and fraud. Appellee successfully moved for summary judgment on the grounds that the statute of limitations barred all causes of action. We reverse.

The Appellant, El Paso Associates, Ltd., (EPAL), is a property investor partnership which acquired the interest of Diversified Realty Group, Inc., to all their purchase rights to El Paso property known as Mesa Atrium. On July 30, 1981, the sale was

completed from the owner, ESST Joint Venture, also a limited partnership. Trigon Development Corporation was contracted by EPAL, to manage the property. ESST, the selling partnership, and Trigon, the agent for the buying partnership, are both companies that are controlled by the Appellee Thurman. The building was constructed on an old landfill. The causes of action are based upon structural problems which manifested themselves in the completed building.

■■■ Point of Error No. Two alleges the trial court erred in sustaining the Appellee's oral hearsay objection to an EPAL summary judgment response affidavit. Defects in the form of the summary judgment proof are waived by failure to except in writing prior to the entry of judgment. Tex.R.Civ.P. 166a(e), *Vaughn v. Burroughs Corporation*, 705 S.W.2d 246 (Tex. App.—Houston [14th Dist.] 1986, no writ). The trial judge delayed her ruling on the oral objection until finally sanctioning the objection in the judgment which recited that the evidence was not considered. Appellee contends that although the objection was oral, there was substantial compliance with the rule requiring written objection. There were two summary judgment hearings held in the unusual presence of a court reporter. In compliance with the law, no oral testimony was received. The oral objection was made in the first hearing, thus, according to the Appellee, giving the Appellant notice and opportunity to remedy any hearsay defect just as if he had had prior written objection pursuant to the rule. Rule 166a(c) requires "[i]ssues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal." The word "written" modifies not only the word "motion," but also the words "answer" and "other response." The "issues" required by the rule to be "expressly presented" are those pointed out to the trial court in written motions, written answers or written responses to the motion. The permit "issues" to be presented orally would encourage parties to request that a court reporter record summary judgment hearings, a practice

neither necessary, nor appropriate to the purposes of such hearing. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 677 (Tex.1979). Rule 166a(e) requires that the affidavits "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." In ruling on a motion for summary judgment only admissible testimony having probative force is to be considered. *Box v. Bates*, 162 Tex. 184, 346 S.W.2d 317 (1961). The affidavit in question contains statements to the effect that Appellee was advised of defects and problems by various reports and correspondence, was, therefore, aware of the defects and failed to provide Appellant with that information. The affiant stated these matters were of his personal knowledge. In reading the affidavit, (particularly in light of the affiant's deposition that was referenced to by the Appellant in its response to the Motion for Summary Judgment), it is based upon hearsay. Prior to September, 1983, hearsay could not be competent evidence. From that date on, Tex.R.Civ.Evid. 802 provides hearsay may now have probative value if it is unobjected to. Therefore, we have an affidavit stating it is based upon personal knowledge, such knowledge was gained by statements of others, such hearsay was not properly objected to and, hence, became admissible and competent testimony. *Dolenz v. A— B—*, 742 S.W.2d 82, 83 n. 2 (Tex.App.—Dallas 1987, writ denied).

■■■ Appellee further contends that Appellant failed to object to the trial court's ruling, and, therefore, they failed to preserve error. Tex.R.App.P. 52(a). The rule further states that a formal exception to the ruling is not necessary to authorize appellate review. Rule 166a(c) provides "[i]ssues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal." The excluded evidence in affidavit form is before the reviewing court as a proper part of the record. *LeNoble v. Weber, Hall, Cobb and*

*Caudle, Inc.*, 503 S.W.2d 321 (Tex.Civ.App. —Tyler 1973, no writ). The improper procedure utilized in the summary judgment hearings and the pronouncement of the evidence ruling in the summary judgment effectively denied the Appellant opportunity to except. Rule 52's predecessor, Tex.R. Civ.P. 373 (repealed April 10, 1986, eff. Sept. 1, 1986), expressly provided "if a party has no opportunity to object to a ruling or order at the time it is made, the absence of an objection does not thereafter prejudice him." Under the facts of this case, the Appellant had no opportunity to except to the ruling *at any time,* and therefore, should not be subject to prejudice under Rule 52 or Rule 166a.

In addition, Appellee's "notice" evidence consisted of an affidavit that an officer of Trigon contacted a Darby Keen of EPAL December 15, 1981, and told him of settlement problems, that engineers had been contacted to analyze the problem, that the indications were that no major problem existed and that a detailed report would follow upon completion of the consulting work. (The affidavit referred to in the prior paragraph and the affiant's deposition indicated Keen denied this).

Further summary judgment evidence disclosed that an anonymously authored document entitled "Inspection Report," dated 4–10–84, indicating substantial structural problems, was obtained from the Appellant's files by discovery.

Trigon contracted to provide the EPAL with monthly reports of matters concerning the property. They agreed the relationship was of a fiduciary nature. The binding pleadings [*Lloyds Casualty Insurer v. Farrar*, 167 S.W.2d 221 (Tex.Civ.App. —Dallas 1942), *affirmed*, 141 Tex. 497, 174 S.W.2d 302 (1943)], of EPAL state that Trigon failed to make monthly reports to EPAL on the structural condition of the building. A CPA hired by EPAL, reported to EPAL by letter dated March 7, 1985, that Trigon had mismanaged the property by a variety of neglected duties. Trigon was then terminated as agent for EPAL.

■ A defendant who moves for summary judgment based upon an affirmative de-fense has the burden to prove conclusively all elements of the affirmative defense as a matter of law such that there is no genuine issue of material fact. *Montgomery v. Kennedy*, 669 S.W.2d 309 (Tex.1984). The statute of limitations is an affirmative defense.

■ In an action for fraud, the two-year statute of limitations begins to run when the fraud is perpetuated, or if the fraud is concealed, from the time it is discovered or could have been discovered by the exercise of reasonable diligence. The plaintiff may therefore, raise the discovery rule within the appropriate period of limitations. The party seeking to benefit from the discovery rule must also bear the burden of proving and securing favorable findings thereon. *Woods v. William M. Mercer, Inc.*, 769 S.W.2d 515 (Tex.1988).

■ An action for the breach of fiduciary duty is also subject to the two-year statute of limitations. *Redman Industries, Inc. v. Couch*, 613 S.W.2d 787 (Tex. Civ.App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.), and the discovery rule. *Wakefield v. Bevly*, 704 S.W.2d 339 (Tex.App.— Corpus Christi 1985, no writ).

Actions brought under the DTPA are subject to a two-year limitation, with the substantially same discovery rule. Tex. Bus. & Com.Code Ann. sec. 17.565 (Vernon 1987); *Brooks Fashion Stores, Inc. v. Northpark National Bank*, 689 S.W.2d 937 (Tex.App.—Dallas 1985, no writ).

■ An action for breach of a contract is governed by the four-year statute of limitations. Tex.Civ.Prac. & Rem.Code Ann. sec. 16.004 (Vernon 1986). It commences to run from the time of the breach of contract, or from the time when the plaintiff had knowledge of the breach, whichever is the later, unless his lack of knowledge resulted from his lack of diligence or from negligence. *Rothman v. Gulf Coast Investment Corporation*, 497 S.W.2d 792 (Tex.Civ.App.—Beaumont 1973), *rev'd on other grounds*, 506 S.W.2d 856 (Tex.1974). Actions for breach of express or implied warranties are also governed by the four-year statute of limita-

tions and the discovery rule. *City of Midland v. Waller*, 430 S.W.2d 473 (Tex.1968).

The first notice of defect after the July 30, 1981 purchase date was the December 15, 1981 notification by Jerry Sawyer of Trigon to Darby Keen of EPAL of settlement problems, indicating a probability of minor significance, with a promise of a detailed report to follow. Next there is an "Inspection Report" of anonymous origin, dated "4-10-84," indicating serious settlement problems discovered in the files of EPAL. However, there is no conclusive evidence of when this report was received or placed within EPAL's records. The fact that Trigon was a fiduciary to EPAL reduced, to some degree, the diligence required of EPAL under the discovery rule. *Wakefield v. Bevly*, 704 S.W.2d 339 (Tex. App.—Corpus Christi 1985, no writ). A further unusual fact subject to consideration is that a controlling member of the selling partnership was also the buyer's agent for management. The fact that members of EPAL were involved in other businesses which may or may not have reasonably prevented them from scrutinizing the day to day problems of the EPAL investment is a factor to be weighed by the fact finder. Summary judgment should never be granted when the issues are inherently those for a jury or trial judge, as in cases involving intent, reliance, reasonable care, uncertainty and the like. *Dan Lawson & Associates v. Miller*, 742 S.W.2d 528 (Tex.App.—Fort Worth 1987, no writ). The exercise of reasonable diligence under the discovery rule will generally fall into this category, and it so does in this case. Points of Error Nos. One, Two and Three are sustained.

Judgment of the trial court is reversed and the cause is remanded for trial.