Doniece N. WIGGINS, Appellant,

v.

Thomas S. OVERSTREET A.K.A. Steve Overstreet, Appellee.

No. 14–97–00012–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 22, 1998.

Rehearing Overruled Feb. 19, 1998.

Stephen N. Riner, Shawn Russel Casey, Houston, for appellant.

Howard M. Bookstaff, Peter M. Henk, Houston, for appellees.

Before LEE, AMIDEI and ANDERSON, JJ.

## CORRECTED OPINION

AMIDEI, Justice.

Doniece H. Wiggins (Wiggins) appeals a summary judgment rendered in favor of Thomas S. Overstreet (Steve). Wiggins sued Steve for construction defects in her townhome alleging Steve built the townhome and breached his implied warranties of workmanship and habitability. Summary judgment was granted to Steve on the grounds that he was not a proper party because he did not build the townhome. In three points of error, Wiggins contends the trial court erred in granting summary judgment. We affirm.

## I. BACKGROUND.

Wiggins bought the townhome as rent property in 1990. In 1993, she discovered serious latent defects in the balcony requiring repairs estimated at $4,200.00. Wiggins sued Steve in 1994 for the cost of repairs alleging he was the builder/owner of the townhome and therefore liable under his implied warranties of good workmanship and habitability. Steve filed a verified denial alleging "pursuant to Rule 93(4) of the Texas Rules of Civil Procedure, that there is a defect of the party Defendant." Two years later, Steve filed a motion for summary judgment on the grounds that he was not a proper party because he did not construct the townhome and was not liable as a matter of law. Wiggins responded alleging Steve's attorney admitted Steve built the townhome and she relied on the representation.

## II. SUMMARY JUDGMENT.

In three points of error, Wiggins contends the trial court erred in granting the motion for summary judgment because Steve did not prove he was not a proper party to the lawsuit as a matter of law and a genuine issue of material fact exists concerning who constructed the townhome.

### A. Standard of Review.

In order to prevail on summary judgment, the movant must disprove at least one of the essential elements of each of the plaintiff's causes of action. *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex.1991). This burden requires the movant to show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). In determining whether a material fact issue exists to preclude summary judgment, evidence favoring the non-movant is taken as true, and all reasonable inferences are indulged in favor of the non-movant. *Id.; see also Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 477 (Tex.1995). Any doubt is resolved in favor of the non-movant. *Nixon*, 690 S.W.2d at 548–49; *see also Doe*, 907 S.W.2d at 477.

Where the non-movant opposes a summary judgment based upon an affirmative defense, the non-movant must produce sufficient summary judgment evidence to raise a question of fact as to each element of the affirmative defense in order to avoid summary judgment. *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex.1984); *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678–79 (Tex.1979). The movant is not required to negate every possible issue of law and fact that could have been raised by the non-movant, but rather the burden of raising and producing sufficient evidence with respect to affirmative defenses is on the non-movant. *Id.* at 678–79.

Where summary judgment evidence raises no more than surmise or suspicion of a fact in issue, no genuine issue of fact exists to defeat summary judgment. *Booth v. Cathey*, 893 S.W.2d 715, 720 (Tex.App.—Texarkana 1995) *rev'd on other grounds*, 900 S.W.2d 339 (Tex.1995). For summary judgment purposes, an issue is conclusively established if ordinary minds cannot differ as to the conclusion to be drawn from the evidence. *Bookman v. Bolt*, 881 S.W.2d 771, 774 (Tex.App.—Dallas 1994, writ denied).

### B. Applicable Law.

A contractor who builds a house and sells it impliedly warrants that the house was constructed in a good workmanlike manner and was suitable for human habitation. *Humber v. Morton*, 426 S.W.2d 554, 555 (Tex.1968). This implied warranty extends to subsequent purchasers. *Gupta v. Ritter Homes, Inc.*, 646 S.W.2d 168, 169 (Tex.1983). The sale of a used house by a nonbuilder owner does not imply warranty of habitability on the part of the nonbuilder owner. *Id.*

The sole issue on this appeal is whether appellant's summary judgment evidence raised a material fact issue as to their claim that Steve was a proper party to this lawsuit because he was a "builder/owner" and impliedly warranted the workmanship and habitability of the townhome subsequently sold to Wiggins.

### C. The Summary Judgment Evidence.

■ **1. Appellee's evidence.** Steve's affidavit stated the townhome was constructed by Overstreet Companies and was completed during the year 1985. He stated he was an employee of Overstreet Companies during the entire construction of the townhome and was not a director, officer or owner of Overstreet Companies or Thomas H. Overstreet, Inc. Overstreet Companies subcontracted with Floor Crete Systems, Inc., for the construction of the balcony at the townhome and was paid for the construction work by Overstreet Companies. Steve further stated he did not contract with the owner of the property for the construction nor did he build or construct any portion of the premises and any action he took with respect to the construction was as an employee of Overstreet Companies.

**2. Appellant's evidence.** Appellant's summary judgment evidence consisted of two affidavits of Doniece Wiggins, an affidavit of Randy McClanahan, and an affidavit of Wiggins' attorney, Stephen Riner.

■ **a. Wiggins' affidavit.** Wiggins stated her attorney received letters from Steve's attorneys that contained "statements that Thomas Stephen Overstreet was the builder of the property." In response to Steve's objection that her affidavit was not based on personal knowledge and she failed to authenticate the letters, she filed a supplemental affidavit stating she had personal knowledge that the letters were from Steve's attorneys by comparison of the copies of the letters to the originals and by comparing the signatures on these letters by Howard Bookstaff to Bookstaff's signature on Steve's original answer. She then stated: "I have concluded that such letter was sent by the attorneys of record for Defendant and received by my attorney of record...." She does not name the attorneys for "defendant" and her attorney in the affidavit. Wiggins stated only that she "concluded" the letters were what they purport to be based on her examination of the original letters and the envelopes they came in, contents of the letters and envelopes, and substance of the letters. By "concluding" the letters were authentic, Wiggins gives only her opinion as to the authenticity of the attached copies of letters. This is not sufficient. Statements in an affidavit which are mere conclusions or which represent the affiant's opinion are insufficient. *Cuellar v. City of San Antonio*, 821 S.W.2d 250, 252 (Tex.App.—San Antonio 1991, writ denied). Furthermore, an affidavit must show affirmatively that it is based on personal knowledge and that the facts sought to be proved would be admissible in evidence at a conventional trial. *Einhorn v. LaChance*, 823 S.W.2d 405, 410 (Tex.App.—Houston [1st Dist.] 1992, writ dism'd w.o.j.). The affidavit itself must set forth facts and show the affiant's competency, and the allegations contained in the affidavit must be direct, unequivocal, and such that perjury is assignable. *Id.* Affidavits may not be based on hearsay. *Id.* However, inadmissible hearsay admitted without objection shall not be denied probative value merely because it is hearsay. *Id.* In this case, Steve filed a written objection to Wiggins' affidavit alleging it was not based on personal knowledge and was not properly authenticated. Although Wiggins stated her testimony was based on personal knowledge, such knowledge was gained by statements of others; therefore, the affidavit and the letters attached were not admissible because they were hearsay. *El Paso Assoc. v. J.R. Thurman & Co.*, 786 S.W.2d 17, 19 (Tex.App.—El Paso 1990, no writ).

■ Appellant argues that certain statements by Steve's attorney in these letters to Mr. Riner were admissions against interest under rule 801(e)(2)(D), Texas Rules of Civil Evidence, by an agent of a party-opponent and were not hearsay. In these letters to Mr. Riner, Steve's attorney stated: "[t]he premises was built over ten years ago by Mr. Overstreet, who lived there for approximately four years and subsequently sold the Premises to a third party buyer" and "Mr. Overstreet built the Premises for his own personal use."

■ Assuming *arguendo* the letters would have been otherwise admissible as extra-judicial admissions under rule 801(e)(2)(D), as not being hearsay state-

ments, then the letters are considered only evidence of appellee's liability; they cannot serve as conclusive proof of liability. *Catherman v. First State Bank*, 796 S.W.2d 299, 302 (Tex.App.—Austin 1990, no writ). The statements in the letters are not judicial admissions. A judicial admission is: (1) a statement made during the course of a judicial proceeding, (2) that is contrary to an essential fact or defense asserted by the person giving the testimony, (3) that is deliberate, clear, and unequivocal, (4) that, if given conclusive effect, is consistent with public policy on which the rule is based, and (5) that is not destructive of the opposing party's theory of recovery. *Id.* The statements in these letters were not judicial admissions because they were made before litigation commenced and were not "deliberate, clear and unequivocal admissions of personal liability." *Id.*

■ By stating that Steve *built* the townhome in these letters, appellant contends Steve's attorney has taken a position inconsistent with his present position that Steve is not a "builder/owner" under *Gupta* and Steve has admitted liability as a contractor. Appellant cites *Westchester Fire Ins. Co. v. Lowe*, 888 S.W.2d 243, 249 (Tex.App.—Beaumont 1994, no writ) for the proposition that an admission of a party against his interest in reference to a material matter is admissible as an exception to the hearsay rule. *Id.* "An admission used in this sense may be defined simply as any statement made or act done by one of the parties to an action or on his behalf which amounts to a prior acknowledgment by such party that one of the facts relevant to the issues is not as he now claims and contends." *Id.* The *Westchester* court also held: "And the allegations and statement made by the party's authorized attorney are that party's statements. Even pleadings of a party in other causes of action which contain statements *inconsistent* with that same party's present position are receivable and admissible as admissions" (emphasis added). *Id.* at 252. "Builder" is defined in BLACK'S LAW DICTIONARY 176 (5th ed.1979) as follows:

> One whose occupation is the building or erection of structures, the controlling and directing of construction, or the planning, constructing, remodeling and adapting to particular uses buildings and other structures. One who puts, or contracts to put, a structure into permanent form.

A "builder"who is liable on his implied warranty under *Gupta* is the actual contractor who constructs the building, not the non-builder owner. *Gupta*, 646 S.W.2d at 169. Steve's affidavit in support of his motion for summary judgment states he did not construct the townhome or any part of it and the actual work was done by his father's company, Overstreet Companies, while Steve was working there. The statement in the letters from Steve's attorney that Steve "built" the home would be consistent with the definition of a builder as one who "contracts to put a structure into permanent form." *Id.* The statement in the letters that Steve "built" the townhome could mean Steve had the townhome "built" by his father, who was the "contractor." Therefore, the statement in the letter is consistent with Steve's present position in this lawsuit and is not an admission of liability. *See John B. Barbour Trucking Co. v. State*, 758 S.W.2d 684, 690–91 (Tex.App.—Austin 1988, writ denied); *Texaco, Inc. v. Pennzoil Co.*, 729 S.W.2d 768, 840 (Tex.App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.), *cert. dism'd*, 485 U.S. 994, 108 S.Ct. 1305, 99 L.Ed.2d 686 (1988). Because the statements were not extra-judicial admissions, they were hearsay and incompetent summary judgment evidence. *El Paso Assoc.*, 786 S.W.2d at 19.

The affidavit further states Wiggins hired Randy I. McClanahan to manage the property shortly after she bought the property in 1990 "through the present." This statement, though factually adequate, does not negate Steve's non-party affidavit.

■ b. McClanahan's Affidavit. Randy McClanahan was hired to manage Wiggins townhome and stated he *attempted* to determine the identity of the builder by calling Steve's father, Thomas H. Overstreet. Steve's father allegedly told McClanahan, on the telephone, that Steve was the builder and that neither he nor his company was the builder of the townhome. Steve objected to McClanahan's affidavit as hearsay. Hearsay

statements contained in an affidavit are not sufficient controverting evidence. *Cuellar,* 821 S.W.2d at 252. These statements by Steve's father to McClanahan were hearsay because they were out-of-court statements offered to prove the truth of the matter asserted. *See also Patterson v. Mobiloil,* 890 S.W.2d 551, 555 (Tex.App.—Beaumont 1994, no writ) (affidavit reflecting employee's conversations with former co-worker and former member of employer's Board of Directors was hearsay and not proper summary judgment evidence).

c. Riner's Affidavit. The affidavit of Stephen N. Riner, attorney for Wiggins, was filed with the other affidavits in appellant's response to Steve's motion for summary judgment in support of appellant's motion for continuance. Attached to the affidavit was a portion of an invoice from Floor Crete Systems, Inc., which had been submitted by Steve in supplemental responses to appellant's request for interrogatories. The invoice has typed on the heading, "Project Location: 2002 Potomac." In her response to Steve's motion for summary judgment, appellant contends this is a material fact issue as to "whether there was a material failure as opposed to or in conjunction with a workmanship failure." Appellant argues the address of the property involved in this suit is 1918A Potomac and the attached invoice reflects 2002 Potomac. Appellant further alleges: "[d]efendant did not attempt to explain who furnished the material. In any event, if Floor Crete was responsible for the damage to the Property, then Defendant, as builder, is liable for the work of Floor Crete based on breach of warranty." Neither the affidavit, the Floor Crete invoice, nor the motion in response in any way negate Steve's claim of being an improper party.

**D. Application of the Law to the Facts.**

Appellant's summary judgment evidence does not controvert Steve's claim that he was not the proper party to be sued because he was not the builder/contractor subject to implied warranties of good workmanship and habitability. *Gupta,* 646 S.W.2d at 169. The sale of a used house by a nonbuilder owner does not imply warranty of habitability on the part of the nonbuilder owner. *Id.* We find the appellant has not raised a material fact issue that would defeat Steve's motion for summary judgment. We overrule appellant's points of error, one, two, and three and affirm the judgment of the trial court.