COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| THE STATE OF TEXAS, | § | |
| Appellant, | § | |
| | § | No. 08-09-00151-CV |
| v. | § | Appeal from the |
| | § | |
| NINETY THOUSAND TWO HUNDRED | | Criminal District Court No. 1 |
| THIRTY-FIVE DOLLARS AND NO | § | |
| CENTS IN UNITED STATES | | of El Paso County, Texas |
| CURRENCY ($90,235.00) AND 2000 | § | |
| BLACK LINCOLN NAVIGATOR VIN: | | (TC# 2008-2016) |
| 5LMPU28A7YLJ10865, | § | |
| Appellee. | § | |

**O P I N I O N**

The State of Texas brought forfeiture action for currency and vehicle seized from

Mr. Hermenegildo Godoy Bueno ("Respondent") after a traffic stop. On Respondent's motion,

the trial court granted his motion for summary judgment and ordered the seized property returned

to him. The State challenges the court's order granting summary judgment arguing that it cannot

be sustained on any of the grounds presented by Respondent, and that it granted more relief to

Respondent than he was entitled. We affirm.

On May 6, 2008, Deputy Armando Gomez stopped Respondent at the 6600 block of

Montana Avenue in El Paso, Texas for allegedly failing to use a turn signal at the intersection of

Robert E. Lee and Montana. At the time, Respondent was driving a 2000 black Lincoln

Navigator. After approaching the driver's side, Deputy Gomez requested proof of insurance and

a driver's license from Respondent. A passenger identified as Mr. Mauro Arturo Ayala was

traveling with Respondent. After running a warrants check and discovering that Mr. Ayala had six outstanding traffic warrants, Deputy Gomez placed Mr. Ayala in the back of his patrol unit. During the stop, Deputy Gomez noticed a light blue tote bag and a navy blue backpack on the rear seat's floorboard of the vehicle. When the deputy asked Respondent what was inside those bags, Respondent replied that they contained his son's clothes. Based on Respondent's alleged nervous demeanor, Deputy Gomez believed he may have been transporting contraband with his vehicle, and so he asked Respondent for his consent to search his vehicle. Respondent, however, refused to provide his consent to the search.

Then, Deputy Gomez requested Deputy Luis Almonte, a narcotics K-9 handler, to arrive on the scene so as to conduct a narcotics canine sniff search of the vehicle. After Respondent exited his vehicle, Deputy Almonte used his K-9 to search the vehicle's exterior. The K-9 alerted positively to the odor of narcotics near the rear driver's side, and to the rear cargo of the vehicle. The officers then entered into the vehicle to conduct a search, and uncovered six clear plastic zip lock bags containing stacks of United States currency wrapped in rubber bands inside the tote bag and the backpack. The currency amounted to $90,235. Deputy Almonte conducted a narcotics sniff search of the currency with his K-9, and the K-9 alerted positively to the odor of narcotics as to the currency. Deputy Gomez then advised Respondent that he was seizing the Lincoln Navigator and the $90,235, and informed him that the State would be initiating an action to seize these as contraband. Later, Detectives Mario Garcia and Jose Guzman arrived on the scene to assist. Deputy Gomez informed them of the seizure, and the detectives interviewed Respondent regarding the seized currency.

On May 21, 2008, the State instituted forfeiture proceedings against the $90,235 and the

Lincoln Navigator as alleged proceeds of felony criminal activity, engaged in by Respondent. Deputy Garcia executed the forfeiture affidavit, which was attached to the original notice of seizure and intended forfeiture. On April 1, 2009, Respondent filed his first amended motion for summary judgment, in which he argued the forfeiture proceeding should be dismissed, and for the seized property to be returned to him. Respondent asserted in his motion that he was the owner of both the Lincoln Navigator and the $90,235, and that the currency was not contraband, but a partial payment an individual offered him for the purchase of a ranch Respondent owned in Mexico. Respondent also challenged the claim that Deputy Garcia possessed "personal knowledge of the facts," as stated in his affidavit to the notice of seizure, on the grounds that the deputy did not arrive at the traffic stop location until after Respondent's vehicle had been stopped, and the currency was seized from the vehicle. In his motion for summary judgment, Respondent set forth three grounds: (1) the State did not have subject-matter jurisdiction to prosecute the forfeiture action; (2) there was less than a scintilla of evidence to support a reasonable belief that a substantial connection or nexus existed between the seized property and illegal drug dealing activities; and (3) the warrantless search of the vehicle was illegal. Attached to Respondent's first amended motion for summary judgment was Mr. Bueno's affidavit, in which he asserted that he did not commit any traffic violations to warrant a stop of his vehicle, that he did not consent to a search of his vehicle, that the currency found in his possession constituted lawful proceeds from a sale of his ranch, and that he had lawfully acquired his vehicle. The State filed responses to Respondent's motion for summary judgment. On May 1, 2009, the trial court granted Respondent's motion for summary judgment without stating the basis for its decision. The State then filed a motion for new trial, along with an attached sworn

-3-

affidavit from Deputy Garcia, as well as an affidavit from Deputy Almonte. The State now appeals the summary judgment order.

In its sole issue, the State challenges the trial court's order granting summary judgment on the basis that it cannot be sustained on any ground asserted by Respondent. In a traditional summary judgment proceeding, the standard of review on appeal is whether the successful movant at the trial level carried the burden of showing that there is no genuine issue of material fact and that judgment should be granted as a matter of law. *See* TEX.R.CIV.P. § 166a(c); *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex. 1991); *Wyatt v. Longoria*, 33 S.W.3d 26, 31 (Tex.App.--El Paso 2000, no pet.). Thus, the question on appeal is not whether the summary judgment proof raises fact issues as to required elements of the movant's cause or claim, but whether the summary judgment proof establishes, as a matter of law, that there is no genuine issue of material fact as to one or more elements of the movant's cause or claim. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex. 1970); *Wyatt*, 33 S.W.3d at 31. In resolving the issue of whether the movant has carried this burden, all evidence favorable to the nonmovant must be taken as true and all reasonable inferences, including any doubts, must be resolved in the nonmovant's favor. *Nixon v. Mr. Property Mgmt. Co., Inc.*, 690 S.W.2d 546, 548-49 (Tex. 1985). When a plaintiff moves for summary judgment against a defendant's counterclaim, the plaintiff must negate one or more of the essential elements of the defendant's counterclaim. *Martin v. McDonnold*, 247 S.W.3d 224, 229 (Tex.App.--El Paso 2006, no pet.).

Because the trial court's order did not specify the ground(s) on which the summary judgment was granted, and because there were multiple grounds on which summary judgment may have been granted in the instant case, the State is required to negate all grounds on appeal.

*See Star-Telegram, Inc., v. Doe*, 915 S.W.2d 471, 474 (Tex. 1995); *State Farm Fire & Cas. Co. v. S.S.*, 858 S.W.2d 374, 381 (Tex. 1993); *Lewis v. Adams*, 979 S.W.2d 831, 833 (Tex.App.--Houston [14th Dist.] 1998, no pet.)(holding that summary judgment must be affirmed where multiple grounds are asserted and the appellant does not attack all grounds on appeal); *Evans v. First Nat'l Bank of Bellville*, 946 S.W.2d 367, 377 (Tex.App.--Houston [14th Dist.] 1997, writ denied). If an appellant fails to negate each ground upon which the judgment may have been granted, the appellate court must uphold the summary judgment. *See Star-Telegram, Inc.*, 915 S.W.2d at 474; *State Farm Fire & Cas. Co.*, 858 S.W.2d at 381; *Lewis*, 979 S.W.2d at 833; *Evans*, 946 S.W.2d at 377.

The State challenges the order granting summary judgment by contesting the three grounds set forth by Respondent in his motion for summary judgment. In its first argument under its sole issue, the State contends that Respondent was not entitled to summary judgment based on the first ground in his motion for summary judgment because (1) the failure to file an officer's affidavit with the notice of seizure did not divest the trial court's jurisdiction, and (2) the attachment of Deputy Garcia's sworn statement to the State's notice of seizure complied with Article 59.04(b) of the Texas Code of Criminal Procedure, and his sworn statement was not deficient in any respect under Article 59.03(c).

The State first argues that any failure on its part to file an officer's sworn statement with the notice of seizure did not divest the trial court of its subject-matter jurisdiction. In his motion for summary judgment, Respondent asserted that Deputy Garcia's affidavit, which was attached to the notice of seizure, failed to comply with Articles 59.03 and 59.04 of the Texas Code of Criminal Procedure because Deputy Garcia was not the deputy who seized the property in

dispute. Respondent claimed that under these facts, "one could say that no affidavit has been attached to the State's Notice of Seizure," and thus under relevant laws, such a failure deprived the court of subject-matter jurisdiction over the forfeiture action.

The State's right to bring a forfeiture cause exists by statute, and not by virtue of the constitution or common law. *1976 Harley Davidson Motorcycle VIN # 2C16410H6 v. State*, 106 S.W.3d 398, 401 (Tex.App.--Corpus Christi 2003, no pet.); *State v. Benavides*, 772 S.W.2d 271, 273 (Tex.App.--Corpus Christi 1989, writ denied). In the statutory scheme, property, including currency, is subject to seizure and forfeiture if it is found to be contraband. TEX.CODE CRIM.PROC.ANN. art. 59.02(a)(West Supp. 2010). Contraband is property used or intended to be used in the commission of certain felonies, or proceeds derived from those felonies. TEX.CODE CRIM.PROC.ANN. art. 59.01(2)(A)-(D); *State v. Silver Chevrolet Pickup VIN 1GCEC14T7YE257128*, 140 S.W.3d 691, 692 (Tex. 2004). Specifically, money that is derived from or intended for use in manufacturing, delivering, selling, or possessing a controlled substance is subject to forfeiture. TEX.CODE CRIM.PROC.ANN. art. 59.01, art. 59.02; *$27,920.00 in U.S. Currency v. State*, 37 S.W.3d 533, 535 (Tex.App.--Texarkana 2001, pet. denied).

In *State v. Park*, the court of appeals held that the State's failure to attach a peace officer's sworn statement of reason for a seizure to the notice of seizure "is not jurisdictional and did not prevent the State from commencing its cause of action" for forfeiture of contraband. 820 S.W.2d 948, 951 (Tex.App.--Texarkana 1991, no pet.). Years later, the Texas Supreme Court upheld this holding in *Park*, noting that not all procedural violations should result in dismissal of a forfeiture action. *Silver Chevrolet Pickup VIN 1GCEC14T7YE257128*, 140 S.W.3d at 694. Therefore, we agree with the State that contrary to Respondent's assertions under this particular

argument of the first ground advanced by Respondent, any failure of the State to file an officer's sworn statement with the notice of seizure did not divest the trial court of its subject-matter jurisdiction.

The State then argues that the attachment of Deputy Garcia's sworn statement to its notice of seizure complied with Article 59.04(b), and that the deputy's sworn statement was not deficient in any respect under Article 59.03(c). In his motion for summary judgment, Respondent claimed that the deputy's affidavit was deficient in that it did not comply with the statutory requirements because he was not the seizing officer, and because his affidavit was incompetent due to the fact that it was not based on personal knowledge, but on hearsay. Article 59.03(c) of the Texas Code of Criminal Procedure provides:

> A peace officer who seizes property under this chapter has custody of the property, subject only to replevy under Article 59.02 of this code or an order of a court. A peace officer who has custody of property shall provide the attorney representing the state with a sworn statement that contains a schedule of the property seized, an acknowledgment that the officer has seized the property, and a list of the officer's reasons for the seizure. Not later than 72 hours after the seizure, the peace officer shall:
>
> > (1)  place the property under seal;
> >
> > (2)  remove the property to a place ordered by the court; or
> >
> > (3)  require a law enforcement agency of the state or a political subdivision to take custody of the property and move it to a proper location.

TEX.CODE CRIM.PROC.ANN. art. 59.03(c)(West 2006).
Article 59.04(b) of the Texas Code of Criminal Procedure provides:

> A forfeiture proceeding commences under this chapter when the attorney representing the state files a notice of the seizure and intended forfeiture in the name of the state with the clerk of the district court in the county in which the seizure is made. The attorney representing the state must attach to the notice the

peace officer's sworn statement under Article 59.03 of this code . . . .

TEX.CODE CRIM.PROC.ANN. art. 59.04(b).

Our review of the record shows that Deputy Garcia's sworn statement complied with Article 59.03(c) because it contained a schedule of the property seized, an acknowledgment that he seized the property, as well as a list of his reasons for the seizure. His sworn statement further complied with Article 59.04(b) because the notice of seizure contained the deputy's sworn statement, which complied with Article 59.03. Furthermore, although Respondent asserted that Deputy Garcia admitted in his affidavit that he was not one of the deputies who seized the disputed property, our review of the record does not reveal such an admission.

In his motion for summary judgment, Respondent cited to *Wiggins v. Overstreet* for the proposition that an affidavit containing the statements of others is not removed from being insufficient as hearsay merely because it states the information was obtained by the affiant. *See Wiggins v. Overstreet*, 962 S.W.2d 198, 201 (Tex.App.--Houston [14th Dist.] 1998, pet. denied). He argued that because Deputy Garcia's sworn statement was based on information provided to him by other deputies after he arrived on the scene, the statement was not based on the deputy's personal knowledge, but on hearsay. However, the referenced affidavits in *Wiggins* comprised the appellant's summary judgment evidence in that particular case. *Id*.

We agree with the State that although under summary judgment rules, an affidavit must be based on personal knowledge to constitute competent summary judgment proof, a sworn statement by an officer made as part of a notice of seizure pleading is not summary judgment evidence. *See* TEX.R.CIV.P. 166a(f)(Providing that an affidavit presented in a summary judgment proceeding must be made on personal knowledge, set forth such facts as would be

admissible in evidence, and show affirmatively that the affiant is competent to testify to the matters stated therein). The Texas Court of Criminal Appeals has held that testimony by an arresting officer was not hearsay where it was introduced not for the truth of the matter asserted, but to explain how the officer came to suspect the defendant, seek an arrest warrant for him, and then arrest him. *Jones v. State*, 843 S.W.2d 487, 499 (Tex.Crim.App. 1992). Similarly here, Deputy Garcia's sworn statement was offered not for the truth of the matter asserted, but to show his reasons for seizing the disputed property. As such, Deputy Garcia's sworn statement need not be based exclusively on his personal knowledge, and may be based on hearsay. We also agree with the State as to the second argument of the first ground advanced by Respondent, to the extent that the deputy's sworn statement was not deficient, and the attachment of his sworn statement to the State's notice of seizure complied with the requisite statutory requirements.

In his second ground for summary judgment, Respondent claimed there was less than a scintilla of evidence to support a reasonable belief that a substantial connection existed between the seized property and illegal drug dealing activities. In challenging this ground, the State argues that (1) it did not encompass all of the State's claims, and (2) Deputy Garcia's sworn statement constituted more than a scintilla of evidence that the property was contraband.[1]

As to the State's first argument in challenging the second ground, the State asserts the phrase "illicit drug dealing activities" as used by Respondent in establishing its second ground failed to encompass all of the State's claims because it "was directed towards the State's claims

---

[1] The State presented its arguments against Respondent's second ground as a no-evidence challenge, however, Respondent asserts it was presented as a traditional summary judgment ground at trial. We agree with Respondent, and will review it under the standard for a traditional motion for summary judgment.

that the currency and vehicle were used in, or intended to be used in, or were proceeds derived from, the commission of a felony under Chapter 481 of the Texas Health and Safety Code." The State claims that its notice of seizure set forth a number of bases for seizing the currency and the vehicle, including the bases that the property was used in, intended to be used in, and constituted proceeds gained from the commission of a felony under Chapter 34 of the Penal Code. Therefore, according to the State, Respondent's phrase "illicit drug dealing activities" in its motion failed to encompass money laundering under Chapter 34 of the Penal Code, which relates to any felony. Respondent counterargues this claim by asserting that the State did not preserve this argument because it failed to file a special exception at trial.

The purpose of special exceptions is to force clarification of vague pleadings or to question whether a party's claims fail to plead a cause of action. *See Baylor Univ. v. Sonnichsen*, 221 S.W.3d 632, 635 (Tex. 2007)(per curiam); *Fort Bend County v. Wilson*, 825 S.W.2d 251, 253 (Tex.App.--Houston [14th Dist.] 1992, no pet.). The Texas Supreme Court has noted that if a nonmovant wishes to complain that the grounds relied on by the movant were unclear or ambiguous on appeal, the nonmovant is required to file an exception. *McConnell v. Southside Independent School Dist*, 858 S.W.2d 337, 342-43 (Tex. 1993), *citing Lochabay v. Southwestern Bell Media, Inc.*, 828 S.W.2d 167, 170 n.2 (Tex.App.--Austin 1992, no writ). The *McConnell* court further indicated:

> Prudent trial practice dictates that such an exception should be lodged to ensure that the parties, as well as the trial court, are focused on the same grounds. This prevents the non-movant from having to argue on appeal each and every ground vaguely referred to in the motion. The practical effect of failure to except is that the non-movant loses his right to have the grounds for summary judgment narrowly focused, thereby running the risk of having an appellate court determine the grounds it believes were expressly presented in the summary judgment. Even

in this situation, however, '[a]n appellate court cannot "read between the lines, infer or glean from the pleadings or the proof" any grounds for granting the summary judgment other than those grounds expressly set forth before the trial court [in the motion for summary judgment].'

*McConnell*, 858 S.W.2d at 342-43.

A special exception is required to preserve complaint that a summary judgment motion is vague or lacks specificity. *Brocail v. Detroit Tigers, Inc.*, 268 S.W.3d 90, 100 (Tex.App.--Houston [14th Dist.] 2008, pet. denied), *citing Franco v. Slavonic Mut. Fire Ins. Ass'n*, 154 S.W.3d 777, 784 (Tex.App.--Houston [14th Dist.] 2004, no pet.). The excepting party must obtain a ruling on the special exception to preserve the issue for appeal. Tex.R.App.P. 33.1; *Franco*, 154 S.W.3d at 784.

In the present case, the State, as the nonmovant, did not file a proper special exception to Respondent's summary judgment motion to assert that the movant's second ground, or any other ground, was uncertain or ambiguous. Therefore, the State's present complaint that the term "illegal drug dealing activities" did not encompass all of its forfeiture claims is not preserved for appeal because the State did not make any timely special exceptions before the trial court rendered summary judgment. *See* Tex.R.App.P. 33.1; *McConnell*, 858 S.W.2d at 343 n.7; *Brocail*, 268 S.W.3d at 100; *Franco*, 154 S.W.3d at 784.

The State's second complaint with regards to Respondent's second ground is that it produced more than scintilla of evidence to support a reasonable belief that a substantial connection existed between the seized property and the illegal activity.

To entitle itself to the forfeiture of the currency and the vehicle, the State had to prove by a preponderance of the evidence that the property is contraband. Under Chapter 59 of the Texas

Code of Criminal Procedure, property, including currency, is subject to seizure and forfeiture if it is found to be contraband. TEX.CODE CRIM.PROC.ANN. art. 59.02(a). Contraband is property used or intended to be used in the commission of certain felonies, or proceeds derived from those felonies, such as illegal drug trafficking. TEX.CODE CRIM.PROC.ANN. art. 59.01(2)(A)-(D); *Silver Chevrolet Pickup VIN 1GCEC14T7YE257128*, 140 S.W.3d at 692. Although Chapter 59 specifies no additional evidentiary requirements for forfeiture beyond proof that the property is contraband, the Texas Supreme Court has held that the State must also show probable cause for seizing a person's property. *See Fifty-Six Thousand Seven Hundred Dollars in U.S. Currency v. State*, 730 S.W.2d 659, 661 (Tex. 1987); *see also State v. $11,014.00*, 820 S.W.2d 783, 784 (Tex. 1991). "Probable cause in the context of forfeiture statutes is a reasonable belief that 'a substantial connection exists between the property to be forfeited and the criminal activity defined by the statute.'" *Fifty-Six Thousand Seven Hundred Dollars in U.S. Currency*, 730 S.W.2d at 661, *quoting United States v. $364,960.00 in U.S. Currency*, 661 F.2d 319, 323 (5th Cir. 1981); *see State v. Thirty Thousand Six Hundred Sixty Dollars & no/100*, 136 S.W.3d 392, 407 (Tex.App.--Corpus Christi 2004, pet. denied).

Respondent's second ground for summary judgment was that there was less than a scintilla of evidence to support a reasonable belief that a substantial connection existed between the seized property and illegal drug dealing activities. In support of its traditional motion for summary judgment as to the second ground, Respondent argued that several courts of appeals have held that a positive alert by a drug detection dog, standing alone, does not constitute evidence that money was used in connection with a drug deal. *See $43,774.00 U.S. Currency v. State*, 266 S.W.3d 178, 184 (Tex.App.--Texarkana 2008, pet. denied); *Deschenes v. State*, 253

S.W.3d 374, 385 n.19 (Tex.App.--Amarillo 2008, pet. ref'd); *$7,058.84 In U.S. Currency v. State*, 30 S.W.3d 580, 588 (Tex.App.--Texarkana 2000, no pet.), *citing $80,631.00 v. State*, 861 S.W.2d 10, 12 (Tex.App.--Houston [14th Dist.] 1993, writ denied). An individual's nervousness is of minimal probative value, "given that many, if not most, individuals can become nervous or agitated when detained by police officers." *Deschenes*, 253 S.W.3d at 384 n.10, *citing Glass v. State*, 681 S.W.2d 599, 602 (Tex.Crim.App. 1984). Furthermore, discrepancies in the individual's story raised a suspicion that he was involved in illegal activities, but does not constitute probable cause. *Deschenes*, 253 S.W.3d at 384 n.11, *citing United States v. $191,910.00 in United States Currency*, 16 F.3d 1051, 1072 (9th Cir. 1994).

Respondent disputed the State's version of the facts contained in its notice of seizure and attached officer's sworn statement. According to Respondent, he did not commit any traffic law violations to justify Deputy Gomez's stop of his vehicle on the day in question, and when the deputy stopped him, he did not state whether Respondent had committed a violation or issue him a citation for such a violation. Respondent asserted that his nervous demeanor at the time of the stop was due to the fact that all traffic stops make him nervous, and that he never made any inconsistent or untruthful statements to Deputy Gomez, with the exception of the statement regarding the contents of the tote bag and backpack. Respondent continued to argue that aside from the K-9 alert to the alleged contraband, the State "produced no evidence to establish a substantial connection between the United States Currency found in Bueno's Lincoln Navigator and the illicit drug dealing activities" referenced in the State's notice of seizure. Respondent concluded that the evidence in the instant case was insufficient to justify the forfeiture of the disputed property. In support of his summary judgment motion, Respondent attached his

affidavit as Exhibit "A."

Our review of the summary judgment record shows that Respondent presented sufficient summary judgment evidence to conclusively establish the State lacked reasonable belief that a substantial connection or nexus existed between the seized property and illegal drug dealing activities. As such, the State must bring forth sufficient evidence to prove the existence of a genuine issue of material fact with regard to this challenged element. *See Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995). However, Respondent argues on appeal that the State failed to attach any evidence to its summary judgment responses, and as a result, failed to controvert Respondent's summary judgment evidence.

The Texas Code of Criminal Procedure provides that with respect to a forfeiture hearing: "[a]ll parties must comply with the rules of pleading as required in civil suits." TEX.CODE CRIM.PROC.ANN. art. 59.05(a)(West 2006). As previously discussed in relation to the first ground, affidavits "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." TEX.R.CIV.P. 166a(f). To avoid being conclusory, an affidavit must contain specific factual bases, admissible in evidence and upon which conclusions are drawn. *Southtex 66 Pipeline Co., Ltd. v. Spoor*, 238 S.W.3d 538, 542 (Tex.App.--Houston [14th Dist.] 2007, pet. denied), *citing Nichols v. Lightle*, 153 S.W.3d 563, 570 (Tex.App.--Amarillo 2004, pet. denied). Merely reciting that an affidavit is made on personal knowledge is insufficient. *See Humphreys v. Caldwell*, 888 S.W.2d 469, 470 (Tex. 1994). Instead, the affidavit must go further and disclose the basis on which the affiant has personal knowledge of the facts asserted. *Radio Station KSCS v. Jennings*, 750 S.W.2d 760, 762 (Tex. 1988). Affidavits may not be based on

-14-

hearsay. *Wiggins*, 962 S.W.2d at 201. Where an affiant stated her testimony was based on personal knowledge, but the knowledge was in fact gained by others' statements, the affidavit was not admissible because it constituted hearsay. *Wiggins*, 962 S.W.2d at 201, *citing El Paso Assoc. v. J.R. Thurman & Co.*, 786 S.W.2d 17, 19 (Tex.App.--El Paso 1990, no writ).

In this case, the State's response to Respondent's motion for summary judgment stated that Deputy Garcia had personal knowledge and that he reasonably relied on the other officers' observations to execute his sworn statement. The State also stated in its response:

> The logical force of all the evidence taken together more than establishes a substantial connection or nexus: Detective Garcia's personal knowledge of facts surrounding the seizure; the false statement by Respondent to Deputy Gomez that the bags behind his seat contained his son's clothes; Respondent's extreme nervousness, to include profuse sweating, dried lips, stuttering, and fidgety and fumbling hands; Respondent's nonsensical statements regarding his destination and the purpose of his trip; Respondent's refusal to consent to the search of his vehicle; the discovery that the currency was packaged in rubber bands and plastic bags, a common method for transporting money that is the proceeds of or intended to be used for narcotics purposes; and the K-9 alert to both the money and the vehicle.

The statement that Deputy Garcia had "personal knowledge of the facts" asserted in his sworn statement, and the State's mere assertion that Deputy Garcia had personal knowledge were insufficient to satisfy the requirement of personal knowledge for the affidavit. *See Humphreys*, 888 S.W.2d at 470. The facts the State set forth in its response to establish the "substantial connection or nexus" requirement for probable cause were all derived from Deputy Garcia's sworn statement, which was not attached to the response itself. Moreover, as per our discussion with respect to the first ground for summary judgment, Deputy Garcia gained knowledge of the above facts through other officers who had conducted the stop and search prior to the deputy's arrival on the scene. Therefore, Deputy Garcia's sworn statement as to these facts was based on

-15-

hearsay, and not on his personal knowledge. As such, his sworn statement did not constitute competent summary judgment evidence under TEX. R. CIV. P. 166a(f).[2] *See* TEX.R.CIV.P. 166a(f); *Wiggins*, 962 S.W.2d at 201, *citing J.R. Thurman & Co.*, 786 S.W.2d at 19.

Moreover, although the nonmovant is not required to "needlessly duplicate evidence already found in the court's file," it is required to ensure that the evidence is properly before the trial court for its consideration in ruling on the motion for summary judgment. *Saenz v. Southern Union Gas Co.*, 999 S.W.2d 490, 494 (Tex.App.--El Paso 1999, pet. denied). Here, the record shows the State filed a response and an amended response to Respondent's motion for summary judgment, both of which included facts primarily derived from Deputy Garcia's sworn statement. Neither response attached any summary judgment evidence. Thus, the State failed to ascertain that the evidence was properly before the court for its consideration in determining its ruling. *See Saenz*, 999 S.W.2d at 494. The trial court was not required to search the record for evidence raising a material fact issue without more specific guidance from the State. *See Guthrie v. Suiter*, 934 S.W.2d 820, 826 (Tex.App.--Houston [1st Dist.] 1996, no writ)(stating a trial court does not abuse its discretion when it does not consider summary judgment proof to which it was not directed).

We determine that the State did not raise a genuine issue of material fact by failing to provide any controverting evidence. *See Casso v. Brand*, 776 S.W.2d 551, 556 (Tex. 1989) (noting once a movant has provided sufficient evidence to support its motion for summary judgment, the nonmovant is required to produce summary judgment evidence that will dispute

---

[2] The State conceded in its appellate brief that Deputy Garcia's affidavit did not constitute summary judgment evidence when it was included as part of the notice of seizure pleading.

-16-

the movant's evidence); *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.*, 391 S.W.2d 41, 47 (Tex. 1965)("Evidence which favors the movant's position is not considered unless it is uncontroverted."). Accordingly, we conclude that Respondent conclusively established the State lacked a reasonable belief that a substantial connection or nexus existed between the property seized from Respondent and any illegal drug dealing activities, and therefore negated this element of the State's forfeiture action. The trial court properly granted Respondent's motion for summary judgment, and we overrule the State's sole issue.

Having overruled the State's issue, we affirm the trial court's judgment.

May 27, 2011

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.