**Affirmed and Memorandum Opinion filed May 13, 2014.**



**In The**

# Fourteenth Court of Appeals

***

## NO. 14-13-00040-CV

***

**TRAMAINE CHARGOIS SINGLETON F/K/A TRAMAINE CHARGOIS, Appellant**

**V.**

**ASHLEY ELLIOTT, Appellee**

***

**On Appeal from the 190th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2012-15574**

***

## M E M O R A N D U M   O P I N I O N

Appellee Ashley Elliott sued appellant Tramaine Chargois Singleton f/k/a Tramaine Chargois (Singleton), seeking to collect an unpaid balance under an agreement to settle a prior lawsuit. Elliott moved for summary judgment, which the trial court granted. In this appeal, Singleton contends that the trial court erred in granting summary judgment because (1) she specially excepted to Elliott's failure to designate her motion as either traditional or no-evidence, (2) Elliott did

not list the elements of her breach of contract claim, and (3) she raised a genuine issue of material fact on her affirmative defense of waiver. We hold that Elliott's motion was necessarily traditional because she moved for summary judgment as a plaintiff, that the reasons in her summary judgment motion addressed—and the attached evidence proved—each element of her claim, and that her delay of eighteen months in bringing suit did not raise a fact issue on waiver. We therefore affirm.

## BACKGROUND

Elliott sued Singleton in district court, alleging breach of contract and fraud. Elliott filed a motion for summary judgment, alleging that the parties had entered into an agreement to settle a prior lawsuit, and that Singleton "failed to abide by the settlement agreement." According to the motion, Singleton was obligated to pay Elliott a total of $60,000 over time. Elliott alleged that Singleton paid her an initial $3,000 as well as eight monthly payments of $500, beginning in February 1, 2010 and continuing through September 1, 2010. According to the motion, the balance was to accelerate upon default, and as Singleton had ceased making payments in October 2010, Singleton owed Elliott the balance of $53,000 under the agreement. Elliott attached to the motion a copy of the settlement agreement, and an affidavit swearing to the number and amount of payments made.

According to the settlement agreement, Singleton agreed to pay Elliott $60,000, with $3,000 of that sum to be paid by December 23, 2009 and the remainder to be paid in 114 monthly installments of $500, with a ten-day grace period for payment. The first monthly payment was to be made on February 1, 2010. The agreement states that if Singleton failed to make two payments timely within a six-month period, Singleton would be in default and the remaining balance would become due immediately. Singleton and Elliott agreed that the

2

agreement would be enforceable as a contract.

Elliott's motion for summary judgment was eventually set for oral hearing on October 12, 2012. Singleton specially excepted to the motion on October 1, noting that Elliott failed to state whether she had filed a traditional or no-evidence summary judgment motion. Singleton also argued the trial court should deny the motion because Elliott failed to establish or state the elements of a cause of action in her motion, and a genuine issue of fact existed on her affirmative defense of waiver. On October 12, the trial court granted summary judgment, awarding Elliott $53,000 in actual damages.

ANALYSIS

On appeal, Singleton contends the trial court should not have granted summary judgment because of defects in Elliott's motion, as well as a genuine issue of material fact regarding whether Elliott waived her breach of contract claim.

## I. Elliott established her entitlement to traditional summary judgment on grounds expressly presented in her motion.

In her first two issues, which we address together, Singleton argues that the trial court erred in granting summary judgment because the motion did not specify whether it rested on traditional or no-evidence grounds, and it did not list the elements of breach of contract. We review a trial court's grant of summary judgment de novo. *Exxon Corp. v. Emerald Oil & Gas Co.*, 331 S.W.3d 419, 422 (Tex. 2010).

Although Singleton claims she was confused at trial regarding which standard for summary judgment applied, no-evidence motions for summary judgment are only available for claims or defenses on which the movant does not have the burden of proof. Tex. R. Civ. P. 166a(i). Because Elliott as plaintiff had

3

the burden of proving her causes of action, she could not file a no-evidence motion for summary judgment on those claims. *See id.* The standard for traditional summary judgment motions was therefore the only applicable summary judgment standard.

To prevail on a traditional motion for summary judgment, a movant must prove entitlement to judgment as a matter of law on the issues pled and set out in the motion for summary judgment. Tex. R. Civ. P. 166a(c); *Masterson v. Diocese of Nw. Texas*, 422 S.W.3d 594, 607 (Tex. 2013). A plaintiff moving for summary judgment must prove conclusively all essential elements of its cause of action and establish that no material fact issues exist. *Cullins v. Foster*, 171 S.W.3d 521, 530 (Tex. App.—Houston [14th Dist.] 2005, pet. denied). Evidence is considered conclusive if reasonable people could not differ in in their conclusions. *Dias v. Goodman Mfg. Co., L.P.*, 214 S.W.3d 672, 676 (Tex. App.—Houston [14th Dist.] 2007, pet. denied). In reviewing a grant of summary judgment, we consider all the evidence in the light most favorable to the non-movant. *Ron v. AirTran Airways, Inc.*, 397 S.W.3d 785, 788 (Tex. App.—Houston [14th Dist.] 2013, no pet.).

Elliott was required to present her grounds for summary judgment expressly in the motion itself. *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 343 (Tex. 1993). "The term 'grounds' refers to the reasons entitling the movant to summary judgment." *Shkolnick v. Coastal Fumigators, Inc.*, 186 S.W.3d 100, 103 (Tex. App.—Houston [1st Dist.] 2005, no pet.). The grounds for summary judgment "may be stated concisely, without detail and argument. But they must at least be listed in the motion." *McConnell*, 858 S.W.2d at 340 (quoting *Roberts v. Sw. Tex. Methodist Hosp.*, 811 S.W.2d 141, 146 (Tex. App.—San Antonio 1991, writ denied)). In determining which grounds for summary judgment were expressly presented in the motion, we look only to the motion and not to pleadings,

supporting briefs, or summary judgment evidence. *Id.* at 341.

"A breach of contract occurs when a party fails or refuses to do something he has promised to do." *XCO Prod. Co. v. Jamison*, 194 S.W.3d 622, 632 (Tex. App.—Houston [14th Dist.] 2006, pet. denied). A plaintiff claiming breach of contract must show (1) the existence of a valid contract, (2) performance or tentative performance by the plaintiff, (3) breach of the contract by the defendant, and (4) damage resulting to the plaintiff from the breach. *Parker Drilling Co.v. Romfor Supply Co.*, 316 S.W.3d 68, 72 (Tex. App.—Houston [14th Dist.] 2010, pet. denied). Although Elliott did not formally list these elements of her breach of contract claim, she gave sufficient reasons in her motion for summary judgment to expressly present her entitlement to summary judgment on breach of contract. *Cf. Coastal Cement Sand, Inc. v. First Interstate Credit Alliance, Inc.*, 956 S.W.2d 562, 565 (Tex. App.—Houston [14th Dist.] 1997, pet. denied) (concluding the summary judgment motion "contained the 'ground' that the ORIX notes were not usurious as a matter of law" even though it could have been stated more clearly).

In her motion, Elliott states that (1) the "parties entered into a settlement agreement," (2) she dismissed the prior lawsuit, and (3) Singleton "failed to abide by the settlement agreement." Elliott described the written terms of the settlement agreement, which required payment over time, and how Singleton had failed to abide by those terms by ceasing to make the required payments. Elliott thus contended that (1) a valid contract—the settlement agreement—existed, (2) she performed under the contract by dismissing the prior lawsuit, (3) Singleton failed to perform by not making the promised payments, and (4) she had not received $53,000 of the $60,000 she was promised for dismissing the prior lawsuit. Elliott also provided undisputed evidence supporting each of these contentions, attaching the settlement agreement and an affidavit swearing to Singleton's failure to pay.

5

These allegations and their supporting evidence conclusively established each element of Elliott's breach of contract claim. *See May v. Ticor Title Ins.*, 422 S.W.3d 93, 100 (Tex. App.—Houston [14th Dist.] 2014, no pet. h) ("Determining whether a party has breached a contract is a question of law for the court rather than a question of fact for the jury when the facts of the parties' conduct are undisputed or conclusively established."). We overrule Singleton's first two issues.

## II. Singleton did not raise an issue of material fact regarding Elliott's intent to waive her breach of contract claim.

In her third issue, Singleton argues that summary judgment was improper because a question of fact existed regarding her affirmative defense of waiver. Once Elliott proved her entitlement to summary judgment as a matter of law, it became Singleton's burden as the non-movant to present reasons for avoiding summary judgment. *Home Loan Corp. v. JPMorgan Chase Bank, N.A.*, 312 S.W.3d 199, 205 (Tex. App.—Houston [14th Dist.] 2010, no pet.). To avoid summary judgment by raising an affirmative defense, the non-movant must do more than merely plead the affirmative defense. *Lujan v. Navistar Fin. Corp.*, No. 01-12-00740-CV, 2014 WL 1328191, at *4 (Tex. App.—Houston [1st Dist.] April 3, 2014, no pet. h). The non-movant must produce sufficient summary judgment evidence to either conclusively prove or raise a material issue of fact as to each element of the affirmative defense. *See Wiggins v. Overstreet*, 962 S.W.2d 198, 200 (Tex. App.—Houston [14th Dist.] 1998, pet. denied).

Waiver may be asserted as an affirmative defense against a party who "intentionally relinquishes a known right or engages in intentional conduct inconsistent with claiming that right." *Tenneco, Inc. v. Enter. Prods. Co.*, 925 S.W.2d 640, 643 (Tex. 1996); *see also Robinson v. Robinson*, 961 S.W.2d 292,

300 (Tex. App.—Houston [1st Dist.] 1997, no writ) ("The doctrine of waiver distinguishes between a showing of intent to waive by actual renunciation and a showing of intent to waive based on inference."). Where a party relies on inferred or implied waiver by conduct, it is that party's burden "to produce conclusive evidence that the opposite party manifested its intent to no longer assert its claim." *Robinson*, 961 S.W.2d at 300. To avoid summary judgment on the basis of implied waiver, Singleton had to offer evidence that at minimum raised a material issue of fact regarding whether Elliott manifested an intent to no longer assert her claim.

The only conduct Singleton identified as manifesting Elliott's intent to relinquish her breach of contract claim was that Elliott waited eighteen months after the alleged breach occurred before suing. A breach of contract action is subject to a four-year statute of limitations. Tex. Civ. Prac. & Rem. Code Ann. § 16.004 (West 2002). Although inaction over a long period can show an intention to yield a known right, *Tenneco, Inc.*, 925 S.W.2d at 643, Singleton has not offered any evidence or cited any cases supporting the proposition that eighteen months is a sufficiently long period, particularly where the statute of limitations fixes four years as a reasonable time period for bringing the claim. *See Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 918 S.W.2d 453, 455 (Tex. 1996) ("The purpose of statutes of limitations is to compel the assertion of claims within a reasonable period while the evidence is fresh in the minds of the parties and witnesses."). Accordingly, on this record, we conclude that evidence that eighteen months elapsed between the last payment on the agreement and the original petition does not raise a genuine issue of material fact regarding waiver by conduct, and we overrule Singleton's third issue.

## CONCLUSION

Having overruled each of Singleton's issues, we affirm the judgment of the trial court.

/s/    J. Brett Busby
        Justice

Panel consists of Justices McCally, Busby, and Wise.